ALFRED LEWIS v. THOMAS CONNOLLY.

[FILED MARCH 26, 1890.]

1. **Replevin:** PETITION IN LIEU OF AFFIDAVIT. Where a petition in an action of replevin contained nearly all the allegations required in the affidavit prescribed by section 182 of the Code, and was verified upon the belief of the plaintiff and filed in the clerk's office and a writ of replevin issued thereon, the writ is voidable and not void, and the court, upon such terms as may be just, may permit an affidavit in proper form to be made and filed as of the date of the commencement of the action.

2. **Instruction** set out in the opinion, *held*, not sufficiently comprehensive to submit all the testimony to the jury.

ERROR to the district court for Cherry county. Tried below before NORRIS, J.

*M. F. Harrington*, for plaintiff in error, cited: Wells, Replevin, sec. 651.

*J. Wesley Tucker, contra*, cited: *Bradwell v. Stubbert*, 17 Neb., 488; *Gurney v. Gurney*, 38 O. St., 658; Wells, Replevin, secs. 113, 115, 654; *Sutro v. Hoile*, 2 Neb., 191;

*Uhl v. Rau*, 13 Id., 357; *Scheble v. Jordan*, 1 Pac. Rep., 121; *Singer Mfg. Co. v. Sammons*, 49 Wis., 316; *Seeley v. Garey*, 5 Atl. Rep., 666.

MAXWELL, J.

This is an action of replevin brought by the defendant in error against the plaintiff in error, who is coroner of Cherry county.    It appears from the record that one James Connolly had been engaged in the mercantile business in Cherry county and was indebted to one John J. McCofferty in a considerable amount, and being so indebted he sold, or at least professed to sell, all his stock and book accounts to his father, the defendant in error.    McCofferty thereupon caused an attachment to be issued and levied on said goods as the property of James Connolly, whereupon the defendant in error regained the possession of the same by replevin.    On the trial of the cause the jury returned a verdict in favor of the defendant in error, finding the right of property and the right of possession thereof in his favor, and a motion for a new trial having been overruled judgment was entered on the verdict.

The first objection of the plaintiff in error is, that there was no affidavit for replevin.   A large number of affidavits were filed in this case to show that an affidavit as required by the statute had been filed, but was lost.   Other affidavits and evidence in the case, however, show pretty conclusively that no such affidavit was filed, and the defendant in error contends in his brief that the petition and oath thereto contain all that is necessary.

The petition and verification thereof are as follows:

"The above named plaintiff complains of the above named defendant, and for cause of complaint and action says: That he is the owner of and entitled to the immediate possession of the following described goods, wares, merchandise and chattels, now being in said county of Cherry, and thus particularly described, to-wit, of the

value of $5,903.23; that the said defendant wrongfully and unlawfully detained the said goods and chattels from the possession of the said plaintiff, and has detained the same as aforesaid for the space of three days, to plaintiff's damage in the sum of $500; that said goods were not taken on execution on any order or judgment against said plaintiff, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery issued under the chapter of the Code of Civil Procedure providing for the replevin of property, or on any other mesne or final process issued against the said plaintiff.

"Wherefore the said plaintiff prays judgment against the said defendant, that he, the said defendant, do return to the said plaintiff the said goods and chattels so unlawfully detained, and for the said sum of $500, his damages, so as aforesaid sustained by reason of said unlawful detention, or for said sum of $5,903.23, the value of said property, with damages as aforesaid, in case it shall be found that a return thereof cannot be had.

"The State of Nebraska, ⎫
      Cherry County,    ⎬ ss.
                       ⎭

"Thomas Connolly, being first duly sworn, on his oath says that he is the plaintiff in the above entitled action, and knows all the facts set out in the aforegoing petition; that he has read the foregoing petition, and that the facts therein set forth are, as affiant believes, true.

"Thomas Connolly.

"Subscribed in my presence, and sworn to before me this 8th day of August, A. D. 1887.

"Geo. T. Fisher,
"*Clerk District Court.*"

The verification is upon the belief of the affiant. He does not swear positively that the facts stated in the petition are true, but that he believes that they are true. Such an affidavit is not sufficient to justify the issuing of a writ of

replevin.   The statute authorizes the granting of the writ only when there shall be filed in the office of the clerk an affidavit of the plaintiff, his agent or attorney, showing: "1st. A description of the property claimed.   2d. That the plaintiff is the owner of the property, or has a special ownership or interest therein, stating the facts in relation thereto, and that he is entitled to the immediate possession of the same.   3d. That the property is wrongfully detained. by the defendant.   4th. That it was not taken in execution or any order or judgment against said plaintiff; or for the payment of any fine, tax, or amercement assessed against him, or by virtue of an order of delivery issued under this chapter, or any other mesne or final process issued against him; *Provided*, That such affidavit may omit the first and last clause of this subdivision and in lieu thereof show that the property was taken in execution on a judgment or order other than an order of delivery in replevin, and that the same is exempt from such execution or attachment under the laws of this state."   In other words, the affiant must swear positively to the facts required.   The verification of a petition or other pleading is merely to require good faith on the part of the pleader. It is an appeal to his conscience to prevent allegations which he knows or believes to be untrue.

Where it is sworn to positively, no doubt a pleading in a proper case may perform the office of a pleading and also of an affidavit, but it cannot do so where the oath is upon mere belief.   The reason for this is so apparent that it need not be stated.   The affidavit, however, was not void, but merely voidable.   It was on file properly sworn to as a petition and was regarded by the clerk as sufficient. It differs from a case where no oath was on file.   In the latter case the court would have no jurisdiction, while in the former, there being an imperfect oath, the court has jurisdiction, and may, upon such terms as may be just, permit an amended affidavit to be filed to relate back to

the time of bringing the action. The court, therefore, should have sustained the objections to the affidavit and permitted a new one to be filed.

The testimony in the case is not of a very satisfactory character. It was taken largely, even in the direct examination of the witnesses, by leading questions—in effect, putting answers into their mouths. This is a very unsatisfactory way of arriving at the facts in a case, but no objection seems to have been made on that ground.

The question involved is the good faith of the sale of the property in question by the son James Connolly to his father. The testimony of the father tends to show that he acted in the utmost good faith, and mortgaged his own property to aid his son in conducting his business; that after executing a mortgage to a loan company, through a bank either at Valentine or in Holt county, it retained 15 per cent for effecting the loan, and hence that there still remained unpaid a portion of the debts of his son, which he had assumed.

As there must be a new trial we will not comment on the evidence at length. The fourth instruction is as follows: "The jury are instructed that a person who is indebted and unable to pay all his debts in full has a right to prefer one or more to the exclusion of all others of his creditors, and in the payment of a *bona fide* indebtedness to one of his creditors a debtor may exhaust the whole of his property so as to leave nothing for the other creditors, who are equally meritorious, and, in this case, if the jury believe from the evidence that the sale of the property in question was made by James Connolly to plaintiff in good faith, to pay a *bona fide* indebtedness at that time owing by said James Connolly, the plaintiff, they should find a verdict for plaintiff."

No doubt a debtor who is unable to pay his debts in full and who acts in good faith may pay one of his creditors in full provided such creditor receives no more than will

satisfy the claim.     To that extent therefore the instruction was correct, but the evidence shows that Thomas Connolly gave his own note to James for a portion of the purchase price, and the real facts as they existed were not submitted to the jury.     The instruction, therefore, was not applicable to the testimony.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.