COMMERCIAL STATE BANK OF CRAWFORD V. WILLIAM H. KETCHAM.

FILED DECEMBER 7, 1895.     No. 5838.

1. **Replevin:** AFFIDAVIT: JUSTICE OF THE PEACE. The affidavit required by the provisions of the Code of Civil Procedure, in an action commenced before a justice of the peace to recover the possession of specific personal property, is the basis of the action and is jurisdictional and must be filed before a valid writ can issue.

2. ———: ———. Where the original affidavit in an action of replevin contains a defective statement of the necessary averments of the plaintiff's rights or claims, it may be amended to make clear or certain that which was indefinite or uncertain.

3. ———: ———: AMENDMENT: CORPORATIONS. When in an action of replevin, instituted by a corporation or partnership, the affidavit is made by some person for the corporation or partnership, it must, in its averments, refer to the rights and claims of the corporation or firm and not those of the affiant, and if, in each necessary allegation, it refers to the claims of the affiant, the affidavit will be treated as in favor of the affiant individually, and insufficient to authorize the issuance of an order of delivery in favor of the corporation or firm, and where such writ was issued and is attacked by motion to quash on the ground of insufficiency of the affidavit, such affidavit may not be amended so as to make it one in favor of the corporation or partnership.

ERROR from the district court of Dawes county.  Tried below before BARTOW, J.

*E. W. Dailey* and *A. W. Crites,* for plaintiff in error.

*Allen G. Fisher, contra.*

HARRISON, J.

In an action of replevin commenced before a justice of the peace of Dawes county by the Commercial State Bank of Crawford against William H. Ketcham the affidavit filed to procure the issuance of the writ of replevin was as follows: "R. G. Smith, cashier Commercial State Bank of Crawford (a Nebraska corporation), being duly sworn, deposes and says that he has a special ownership and is entitled to the immediate possession of the following described goods and chattels, to-wit: One entire newspaper outfit and job office used formerly by publishing the Crawford *Clipper*, and job office and Marsland *Tribune,* now used in the newspaper and job office of the Crawford *Tribune,* comprising presses, type racks, subscription lists, fixtures, and everything used in operating the newspaper and job office of the Crawford *Tribune* in Crawford, Nebraska, and that the said property is wrongfully detained by one William H. Ketcham; that the said property was not taken in execution or any order or judgment against him, nor for the payment of any tax, fine, or amercement assessed against him, nor by virtue of an order of delivery issued in replevin, nor any other *mesne* or final process issued against this affiant."  The writ was issued, served, and returned, the appraisement of the property showing a value exceeding $200, the proceedings were certified and the case transferred to the district court as is provided by section 1039 of the Code of Civil Procedure.  In the district court a motion was made by the defendant to quash the writ for the reason that there never had been any affidavit filed as a basis for

the issuance of the writ, or, to more clearly state the ground of the motion, that the affidavit filed with the justice of the peace to obtain the writ of replevin alleged the special ownership of the property sought to be recovered to be in R. G. Smith, and also set forth its detention from him, and that no affidavit was filed stating ownership, general or special, in the plaintiff and the detention of the property as against its rights of property and possession. Pending the hearing of this motion the attorneys for plaintiff tendered and asked leave to file what was styled an "amended affidavit in replevin," in which was stated that plaintiff had a special ownership in the property in controversy and its wrongful detention by the defendant in opposition to plaintiff's right of possession. The request of plaintiff for leave to amend was denied and the motion of defendant sustained and the writ quashed, and, on demand of defendant, a jury was impaneled and inquiry made in regard to his right of property and possession and his damages. The result was a verdict and judgment in favor of defendant. The plaintiff presents the case here for review, the principal error alleged, and of which complaint is made, being the refusal of the trial court to permit the filing of what was offered as an amended affidavit.

It is contended by counsel for plaintiff that an affidavit filed in an action of replevin is a pleading, within the meaning of section 144 of our Code of Civil Procedure, which provides that any pleading, process, or procedure may be amended in furtherance of justice before or after judgment, on such terms as may be just, by correcting a mistake in any respect, or by inserting other allegations material to the case, and any proceeding, may, by amendment, be made conformable to the provisions of the Code; that an affidavit in replevin may be amended, and that the affidavit presented in the case at bar as an amendment should have been allowed. Filing an affidavit in replevin has been held in this court to be a proceeding, and that the af-

fidavit, if defective, may be amended. (*Wilson v. Macklin,* 7 Neb., 50.)   But it has also been stated that when the object of the action is to obtain the possession of property alleged to be wrongfully detained by defendant, the filing of the affidavit prescribed by the statute is a prerequisite to the issuance of the writ, is jurisdictional, or, if none is filed, the writ is a nullity. (*Bardwell v. Stubbert,* 17 Neb., 485, and cases cited.)   In replevin before a justice of the peace the affidavit is the basis of the suit, is that upon which the jurisdiction is predicated, and, unless it is filed, there is no jurisdiction. (Cobbey, Replevin, secs. 525, 526, 528, 529.)   Where a corporation or partnership is plaintiff, although the affidavit is made by some person for the corporation or firm, it must state the possession or right of possession sought to be asserted is that of the corporation or the firm, and where the party making the affidavit is alleged to be connected with the corporation or firm, or a member thereof, and the affidavit further states the interest in the property to be that of the affiant and a violation of his rights individually, the proceeding is one in his behalf as an individual, and not in favor of the corporation or firm. (Cobbey, Replevin, sec. 562; *McEvoy v. Hussey,* 64 Ga., 314; *McClain v. Cherokee Iron Co.,* 58 Ga., 233.) The affidavit in the case at bar did not allege interest in the property existing. in the bank; did not assert that it had any right in the property in controversy, either special or general, or that any right belonging to it had been violated; but, on the contrary, in each particular in respect to which an allegation, either positive or negative, was necessary in the statements of the affidavit it referred to the affiant and not the bank.   This being true, in our view the affidavit was in behalf of the affiant and not the bank, and not the subject of amendment in favor of the bank, or, as proposed in the affidavit tendered, in which the interest and rights of the bank were stated.   It was not an indefinite or defective statement, necessary to entitle the bank to the

issuance of the writ of replevin, but there was an entire absence or lack of such statement, and further, a positive setting forth of the rights of another party (the affiant) to demand the writ to issue.

To support their contention that the affidavit in this case was properly amendable, and that the trial court erred in deciding that it was not, counsel for plaintiff especially direct attention to a decision of the supreme court of Kansas (*Meyer v. Lane,* 40 Kan., 491) and one of this court (*Lewis v. Connolly,* 29 Neb., 222). In the case cited decided by the Kansas court it appears that an action was "commenced by Daniel Lane against Meyer Bros., S. C. Lang & Co., et al., to obtain possession of a stock of drugs and fixtures valued at $1,000. An affidavit was filed by George S. Chase, the attorney of Lane, and an order of delivery obtained, and the property turned over to him. Meyer Bros. et al. filed a motion to set aside the order of delivery upon the ground that the affidavit did not state that the plaintiff was the owner of the property and entitled to its immediate possession. The affidavit was defective, but subsequently, George S. Chase, an attorney of Daniel Lane, filed an amended affidavit relating back to the time of the filing of the original. This affidavit cured all defects in the original affidavit, if such defects could be cured by amendment; but also stated that the plaintiff Daniel Lane was a minor, being under twenty-one years of age. Thereupon Meyer Bros. et al. filed their motion to strike out the amended affidavit on the grounds that the plaintiff had no legal capacity to sue, and that the affidavit was not amendable. The motion was overruled and defendants excepted." The court held: "An original affidavit in replevin may be amended so as to state sufficiently what has already been stated informally and indefinitely." From this we conclude that there was not an entire failure to state the facts necessary to be alleged in the affidavit, but that there was an indefinite or defective statement of them.

*Lewis v. Connolly,* the case referred to of the opinions of this court, it appears, was an action of replevin commenced in the district court of Cherry county, in which the clerk, upon the filing of the petition in the case and no other or further affidavit or statement by the plaintiff, issued the writ.   In order to a thorough understanding of the case of *Lewis v. Connolly,* and the applicability of the rule therein announced in the case at bar, we deem it best to specially call attention to the manner of instituting an action of replevin in the district courts of this state, and also before justices of the peace, and some of the points of difference. In this, as in other cases commenced in the district court, the first proceeding is the filing of a duly verified petition, in which is stated the plaintiff's cause of action, and the plaintiff may at the commencement of the suit, or at any time before answer, claim the immediate possession of the property the possession of which is the subject and object of the suit, by filing with the clerk the affidavit as prescribed by statute. (See secs. 181, 182, Code of Civil Procedure.)   In an action before a justice of the peace an action to recover the possession of specific personal property shall not be brought until the prescribed affidavit is filed by plaintiff. (Secs. 1033, 1034, Code of Civil Procedure.)   In the first the petition is the foundation of the action, and the affidavit the basis for the issuance of the writ; in the second the affidavit serves the double purpose, being the basis of the action and also for the issuance of the order of delivery.   In the case of *Lewis v. Connolly, supra,* it was held: "Where a petition in an action of replevin contained nearly all the allegations required in the affidavit prescribed by section 182 of the Code, and was verified upon the belief of the plaintiff and filed in the clerk's office and a writ of replevin issued thereon, the writ is voidable and not void, and the court, upon such terms as may be just, may permit an affidavit in proper form to be made and filed as of the date of the com-

NEBRASKA REPORTS. [Vol. 46

Commercial State Bank of Crawford v. Ketcham.

mencement of the action;" and in the body of the opinion it was stated: "Where it is sworn to positively, no doubt a pleading in a proper case may perform the office of a pleading and also of an affidavit, but it cannot do so where the oath is upon mere belief. The reason for this is so apparent that it need not be stated. The affidavit, however, was not void, but merely voidable. It was on file properly sworn to as a petition and was regarded by the clerk as sufficient. It differs from a case where no oath was on file. In the latter case the court would have no jurisdiction, while in the former, there being an imperfect oath, the court has jurisdiction, and may, upon such terms as may be just, permit an amended affidavit to be filed to relate back to the time of bringing the action. The court, therefore, should have sustained the objections to the affidavit and permitted a new one to be filed." It will readily be seen that in the case to which we have alluded, and also the one cited in the Kansas report to which reference has been made, that there was that on file which was treated by the court in each instance as sufficient, though imperfect, to vest the court with jurisdiction and to be the proper subject of amendment. Not so in the case at bar. Here, in a case commenced in justice court, where the affidavit gives jurisdiction of the action and also to issue the writ, there was not an imperfect oath, or an uncertain or doubtful statement of any claim to the property or its possession in the plaintiff, but a total lack of such statement, and instead thereof positive averments of such rights in a person other than plaintiff. The judgment of the district court is

AFFIRMED.