LUSETTA J. SOLT ET AL., APPELLEES, V. LEWIS C. ANDERSON,
APPELLANT.*

FILED FEBRUARY 6, 1902.  No. 9,457.

Commissioner's opinion, Department No. 1.

1. **Secundum Allegata et Probata.** Recovery must in all cases be *secundum allegata et probata.*

2. **Petition: REPLY: FINDINGS.** Allegations of a reply are to be considered in connection with the petition, and if the whole taken together is inconsistent with the findings of the trial court, the latter can not be sustained. Paragraph 3 of syllabus to former opinion in this case, so far modified.

3. **Sale of Homestead: ACKNOWLEDGMENT.** Where a contract for the sale of a family homestead is not acknowledged by the vendors, it is not enforceable specifically against them, and, consequently, can not, while it remains in that condition, be enforced specifically against the other party.

APPEAL from the district court for Hamilton county. Heard below before SEDGWICK, J. Rehearing of case reported in 62 Nebr., 153. *Judgment below reversed.*

*John M. Day,* for appellant.

*Hainer & Smith* and *D. A. Scovill,* contra.

HASTINGS, C.

Rehearing of case which appears in 62 Nebr., 153. A rehearing was asked as to two questions: First, whether plaintiff is bound by the allegation in her reply that the premises in question were the family homestead, when the contract sought to be specifically enforced was made, and is to be treated as if it appeared among the allegations of her petition in determining whether or not the relief allowed by the trial court is *secundum allegata et probata;* and, second, whether or not, granting that plaintiff was entitled to the decree, the amount is excessive.

With regard to the first question, the conclusion is reached in the original opinion that because, by section 134

*Rehearing allowed.

of the Code, the allegations of the reply are to be deemed controverted, therefore plaintiff is not bound by any statements contained in it, and that this court can not, in passing upon the propriety of the relief which the trial court granted plaintiff, assume such statements in the reply to be true. On reconsideration, we are constrained to think that the allegations of the reply must be included in plaintiff's *allegata*. It seems clear that the facts set forth in the reply must be considered in connection with those set forth in the petition, in determining whether or not the pleadings support the decree of the trial court. The fact that the statute provides that these statements in the reply shall be deemed controverted without further denial, does not warrant the court in disregarding the reply in considering this question. We have, then, a petition setting forth the ownership of this land, the making of the contract with the defendant, Anderson, to sell it to him, his failure to perform that contract, and the willingness, but no tender of performance, on plaintiff's part.

The answer of Anderson claims, first, a subsequent oral agreement, accompanying the payment of the second $50, that, in case he failed to make subsequent payments, he should forfeit the $100 paid and the contract to be at an end; that he elected to rescind, and plaintiff accepted the rescission, admitted her husband's failure to deed when demand was made, and treated the premises as owner by removing improvements and felling trees. He also alleges the sale of the land pending this action upon the prior mortgage, and that thereby plaintiff has permitted it to become impossible for her to carry out her contract. He has some allegations as to judgment liens, but they are too indefinite to consider, and, in view of the proof offered as to them, the trial court seems to have been entirely right in refusing him permission to amend.

Subsequently the guardian *ad litem* for the minor defendants filed his answer and cross-bill, making substantially the same allegations as the plaintiff, to which Anderson filed the same answer as he had done to plaintiff's

petition. The plaintiff, administratrix, filed a reply to Anderson's answer, in which she stated that at and prior to the making of the contract of sale, the premises were the family homestead of herself and husband, and were so occupied as a homestead up to the death of her husband, in October, 1894, and that the premises were worth less than the sum of $1,500 above the incumbrances; that defendant Anderson had permitted the first mortgage to be foreclosed and the premises sold, by reason of his own neglect and failure to perform his contract and protect the title thereto. It seems, from a somewhat careful examination of the record, that no proof was offered, and nothing more ever said in the trial court, with regard to the homestead-character of these premises, beyond the filing of this reply. If, however, plaintiff's case is to depend upon her allegations, and her petition and reply are to be construed together, they are not sufficient to disclose a binding contract of sale on the part of herself and husband. There is no allegation that it was acknowledged as required by Compiled Statutes, chapter 36, section 4.

It is claimed that the allegations of this reply are not binding upon the minor codefendants. To this it must be said that the decree is in favor of the plaintiff, and calls for a recovery by her and on behalf of the estate. She is the accredited representative of the estate, and her allegations must be held to bind it as far as they go. The petition and reply, taken together, as above stated, do not disclose a valid contract for the sale of these premises. There is neither allegation nor proof of any performance of the contract, partial or complete, on the part of the vendors. There is not even an allegation of tender of performance on their part. There is no aider by reason of the statements of the answer. The question remains, then, whether, in the absence of such performance or tender of performance by those not bound, the right of specific performance accrues to them upon this contract where there is no mutuality. The contract is unenforceable as against the vendors, so far as any allegations, or for that matter

any proof, tendered by either party go to show.  *Horbach v. Tyrrell,* 48 Nebr., 514, 517.  Of course, the rule that he who has made his contract in such form that it can not be specifically enforced against him can not specifically en-force it has many exceptions; one of them is that a vendee who has not himself signed the contract, and as to whom it is voidable under the statute of frauds, may yet specifically enforce it.  His exemption under the statute, being one that must be pleaded, is waived by his commencing action, and the right is deemed complete.  So a *cestui que trust* who may either affirm or disaffirm a contract with his trus-tee, may specifically enforce one though it could not be en-forced against him.  His privilege extends to the remedy.

In case, however, of a contract to sell a homestead, it would seem that the rule which says that where a contract was intended to bind both parties, and for any reason one of them is not bound, he can not compel specific perform-ance by the other should be applied.  3 Pomeroy, Equity Jurisprudence, sec. 1405, note.  A minor can no more en-force specifically his contract, than it can be specifically enforced against him.  After he has come of age, and has ratified it, no such disability remains.  In the case of an agreement as to a homestead, not executed in accordance with the statute, the institution of an action would be no waiver of the statute's protection.  There would be nothing to prevent a dismissal, and a claim of the immunity from obligation to go on, at any stage of the proceedings.  To allow an action for specific performance to proceed under such circumstances would be plainly inequitable.

A somewhat careful search of cases cited by counsel and of the text-books and digests on this subject, has failed to show us a case where the right to enforce against the vendee a contract for sale of a homestead has been con-sidered.  The right to enforce it against the seller, when not duly executed by both husband and wife, has been denied in this state.  *Larson v. Butts,* 22 Nebr., 370; *Hyde v. McConnell,* 42 Nebr., 50, semble.  In this case, too, the right of the administratrix to waive the homestead claim

and bring this action, is doubtful. The statute under which she is proceeding provides for a decree, "in all cases where such deceased person, if living, might be compelled to execute such conveyance." Compiled Statutes, ch. 23, sec. 323. Section 335a of the same chapter, giving the representative a right to proceed, refers to this section, and the written contract referred to is undoubtedly intended to be an enforceable one. We are cited to no authority on the part of the administratrix to waive this homestead character of the premises in question after the death of the husband. As above indicated, it does not seem that merely commencing an action would be such a waiver. It would seem to require a tender of a duly-executed contract or conveyance. That, of course, is no longer possible in this case.

It is with much hesitation that an objection which was not made to the lower court, viz., that it appears from the record by plaintiff's allegations that the premises are a homestead, that it does not appear that the contract of sale was acknowledged and enforceable against the vendors, and therefore it is not shown to be enforceable against the vendee, is sustained. It seems, however, firmly established that an objection that the pleadings do not sustain the judgment or decree may be raised for the first time in this court. *Hudelson v. First Nat. Bank of Tobias,* 51 Nebr., 557, 568; *Kemper v. Renshaw,* 58 Nebr., 513. It would seem that while the contract was not enforceable specifically, it was not void. There is no public policy against the free disposition of the homestead. Probably some amendment of pleadings will be necessary, but otherwise we do not see why the action may not proceed as one for damages. Possibly it may be claimed that the decisions of this court, under the statute above cited, made the contract in question absolutely void. In that case it would not support an action for damages. That question, however, is not before us and is not decided. We are entitled to have the assistance of counsel in solving it. If we were not apparently compelled to hold otherwise in this very case, we would say we were entitled to the help of the trial court.

It is therefore recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.