FAIRFIELD v. HART.

1. TRIAL TO COURT—FINDINGS OF FACT—PROPOSALS.
> Proposed findings of fact, which are not statements of ultimate facts but are rather recitals of proofs, are objectionable in form.

2. APPEAL AND ERROR—FINDINGS OF FACT—CONCLUSIVENESS.
> Findings by the trial judge, on conflicting evidence, in a case tried without a jury, are conclusive on error.

3. ARCHITECTS' SERVICES—ACTION—EVIDENCE—SUFFICIENCY.
> Testimony by defendant that he agreed to pay plaintiff, an architect, the "usual commission" for certain plans, if accepted, does not support a finding of fact that defendant agreed to pay the usual commission, the plans not being accepted.

4. SAME—CONCLUSIONS OF LAW—SUPPORT BY FINDINGS.
> A finding of fact that defendant agreed to pay the "usual commission" for certain plans does not support a conclusion of law that plaintiff is entitled to recover a specific sum, though there is evidence undisputed that that sum is a fair price for the plans furnished.

5. SAME—FAILURE TO EXCEPT.
> Where there is no claim by exception or assignment of error

that the conclusion of law is not supported by the findings of fact, and there is evidence undisputed that the amount of the judgment was a fair price for the services rendered, failure of the evidence to support a finding that defendant agreed to pay the usual price for such services is immaterial.

Error to Kent; Perkins, J. Submitted January 12, 1905. (Docket No. 51.) Decided February 27, 1905.

Assumpsit by George W. Fairfield against George A. Hart for services rendered. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Peter Doran,* for appellant.

*Holmes & Holmes,* for appellee.

OSTRANDER, J. This case, which originated in justice's court, was appealed to the circuit court, and there tried before the court without a jury. Written findings of fact and of law were made and filed, which findings and conclusion defendant sought to have amended. The proposed amendments, which were refused, appear in the record. If adopted, they would reverse the findings of fact made by the court and require a conclusion of law favorable to defendant. Many of the amendments proposed are objectionable in form, as being recitals of proof rather than statements of ultimate facts. Exceptions were taken to the findings of fact and to the conclusion of law, as well as to the refusal of the court to amend as requested. It is not claimed that the finding of facts made by the court does not support the conclusion of law and the judgment for $120 which was entered.

No extended discussion of the points made would be of interest or benefit to the profession. Plaintiff, an architect, sued for the value of certain plans for cottages, claimed by him to have been made for and furnished defendant, at his request. The declaration was oral, on the common counts, and especially for the professional services of an architect. The plea was the general issue.

On the part of the defendant, it was and is urged that the testimony does not show a contract—a meeting of the minds of plaintiff and defendant in a definite and enforceable agreement. We think that the testimony of plaintiff tended to show, and, if believed, did show, an employment to make plans for 10 cottages; that no price was agreed upon; that the construction was to be cheap; that the work was performed; that $12 each for the plans was a reasonable price. There was considerable proof taken upon the proposition that the plans were not of value because the cottages indicated by them could not be built within the limits of cost fixed by defendant. But plaintiff did not testify, or admit, that any precise cost or range of cost was stated by defendant. It was for the court to find the fact, and there was testimony which would have supported a finding for either contestant. We cannot weigh the evidence. If the court believed the plaintiff, as he evidently did, the findings of fact are all of them warranted, excepting one. We find no proof offered on the part of the plaintiff to support the finding that defendant agreed to pay plaintiff for the plans "the usual commission." That proof was found in defendant's testimony, but is coupled with the further statement that payment was to be made only if plans were accepted. They were not accepted. Even if plaintiff had so testified the finding of fact does not support the conclusion of law that plaintiff is entitled to recover $120, or at the rate of $12 a plan. As has been stated, however, it is not claimed by appellant, by exception or assignment of error, that the conclusion of law is not supported by the findings of fact, and there was proof, not disputed, that $12 a plan was a fair price for those furnished.

The first four assignments of error are based upon rulings admitting or excluding testimony. We have considered them. As to the first, we do not think there was any ambiguity in the letter sought to be explained, and the ruling was error. But it is quite clear that the answer given could not have prejudiced defendant. It was rather

a statement of intentions and of a business custom than an explanation of the language of the letter. The other exceptions are not well taken.

The judgment is affirmed, with costs.

MOORE, C. J., and CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred.