EASTERN BANKING COMPANY v. EPHRAIM W. ROBBINS, APPELLANT; DOMINICK PROHASKA ET AL., APPELLEES.

FILED DECEMBER 4, 1914. No. 17,871.

1. Mortgages: FORECLOSURE SALE: EXHAUSTION OF REMEDY. For the purpose of collecting the amount due on a real estate mortgage, mortgagee's equitable remedy by foreclosure, in absence of a deficiency judgment, is exhausted by a valid judicial sale of the mortgaged property under a decree foreclosing the mortgage.

2. ————: FORECLOSURE: DEFICIENCY JUDGMENT. After realty has been sold under a decree foreclosing a first and a second mortgage thereon, the junior mortgagee is entitled to a deficiency judgment for any unpaid debt due on his mortgage, and this remedy is

not lost, because the entire purchase price at the judicial sale was applied to prior liens.

3. ———: ———: REVIVOR OF DECREE. A decree foreclosing a mortgage on realty is not a judgment subject to revivor after the mortgaged property has been legally sold and the sale duly confirmed under a decree of foreclosure.

4. ———: ———: DEFICIENCY JUDGMENT. On the ground of laches a court of equity may decline to enter a deficiency judgment in a suit to foreclose a mortgage on realty, where that remedy was open and uninvoked without excuse for more than 14 years after the property had been sold under a decree of foreclosure.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*M. A. Hartigan,* for appellant.

*John M. Ragan,* contra.

ROSE, J.

In form the petition appears to be an application for the revivor of a judgment. The material facts established by the record without dispute are: The Eastern Banking Company commenced a suit in the district court for Adams county, December 15, 1896, to foreclose the first mortgage on a tract of land; Dominick Prohaska and wife being mortgagors and defendants. In the foreclosure suit the petitioners herein, Ephraim W. Robbins and wife, had been joined as defendants, and they filed a cross-petition for the foreclosure of a second mortgage on the same land, their codefendants being the mortgagors. The cross-petition contained a prayer for the sale of the mortgaged land, for the payment of prior liens out of the proceeds of the sale, for the application of the surplus to the indebtedness secured by the second mortgage and for a deficiency judgment for any unpaid balance. Under a decree of foreclosure the mortgaged land was sold and the proceeds applied to the costs, the taxes and the debt secured by the first mortgage. There was no surplus to apply on the second mortgage, the debt amounting to $1,015.95, with 8 per cent. interest per annum from March 5, 1897, no part of which

·has been paid. The foreclosure sale was confirmed March 10, 1898. Petitioners in the present proceeding never recovered the deficiency judgment for which they had prayed in their cross-petition in equity, but filed, June 17, 1912, their petition for the revivor of the executed decree of foreclosure, more than 14 years after the judicial sale thereunder had been confirmed. The trial court refused to revive the executed decree of foreclosure, and they have appealed.

Did the trial court reach the right conclusion? Petitioners are demanding equitable relief in some form. Are they defeated by laches? The suit to foreclose the mortgage afforded a remedy by seizure and sale of the mortgaged land to pay the debt owing to petitioners herein. The decree of foreclosure was not a lien on any other property. An execution thereon to seize other property of mortgagors could not legally have been issued. There was no personal or general judgment against them in favor of petitioners. The remedy of the latter under the decree was exhausted by the judicial sale of the land on which they had a lien.

The statute gave petitioners herein a remedy by means of a deficiency judgment against mortgagors personally or generally. This remedy was available to them as early as March 10, 1898, "on the coming in of the report of sale." Rev. St. 1913, sec. 8256. Notwithstanding their prayer for a deficiency judgment in the foreclosure suit, they did not invoke or obtain such relief "on the coming in of the report of sale," or at any subsequent time. That the proceeds were insufficient to pay any part of the debt due on the second mortgage did not defeat their right to a deficiency judgment. The statute granted the trial court power "to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale of the mortgaged premises." Rev. St. 1913, sec. 8256. It would be trifling with statutory terms to hold that mortgagees were not entitled to a deficiency judgment because no part of the proceeds of the sale of the mortgaged premises could be applied to the second mortgage. The legislature made provision for a

remedy, and it applies where the entire debt remains unpaid after a foreclosure sale, as well as where there is a partial payment by that means.

After the remedy by foreclosure was exhausted without payment of any part of the debt due on the second mortgage, no personal or general judgment subject to revivor remained.

The granting of the relief demanded in the petition for a revivor would require the entry of a deficiency judgment for the amount due petitioners after the remedy had been open to them more than 14 years. During that time no effort was made to invoke this remedy. On the face of the record the delay is inexcusable. Petitioners are defeated by laches. In this case a court of equity in the exercise of its inherent power to deny relief on account of laches, independently of the statute of limitations, should refuse to enter a deficiency judgment. *Hawley v. Von Lanken,* 75 Neb. 597. Referring to the power to perform the act of entering a deficiency judgment after expiration of the term at which the judicial sale was confirmed, it was remarked in *Sawyer v. Bender,* 4 Neb. (Unof.) 304: "We think that the power to perform it would not lapse until the obligation, if valid, should be satisfied or become barred by the statute of limitations." This expression, however, is dictum in an unofficial opinion and is not binding as a precedent. There is nothing to revive, since a deficiency judgment should not be entered on account of laches. For these reasons the proceeding was properly dismissed.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.