FIDELITY FINANCE COMPANY, APPELLANT, V. FRANK WESTFALL, APPELLEE.

FILED MAY 10, 1934. No. 28958.

*Peterson & Devoe, Jack & Vette* and *W. A. Stewart, Jr.,* for appellant.

*York & York,* contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action in replevin brought by the Fidelity Finance Company against Frank Westfall to recover pos- session of a truck under a claim of special ownership by reason of a chattel mortgage. The case originally began in the county court, and, upon an appeal, the district court, without the intervention of a jury, found in favor of the defendant. Plaintiff appeals to this court.

The plaintiff in its petition alleges that the defendant became indebted to the Lexington Motor Company for a portion of the purchase price of a truck and executed his note for $487.92, dated March 16, 1932, which was secured by a chattel mortgage on the truck; that afterwards for a valuable consideration, and before maturity, it was sold to the plaintiff; that said note was in default and that under the terms of the mortgage the plaintiff was entitled to immediate possession of the truck.

The defendant's answer admits the execution and de- livery of the note and mortgage to the Lexington Motor Company and that the payment is in default. The answer further alleges that the defendant had a series of trans- actions with the Lexington Motor Company in which he purchased three different cars, one after another, and that the note involved in this case represents the purchase price of the last; that the interest charges on the several trans- actions were usurious, and that plaintiff took the note with a knowledge of the custom of the Lexington Motor Com- pany and under such circumstances as amounted to bad faith, so that the plaintiff is not a *bona fide* holder in due course but took said notes subject to the defense of usury. The prayer of the defendant's answer was that the note and mortgage be adjudged unenforceable and for a return of said truck, or, in lieu thereof, a judgment for its value.

The trial court, after a hearing, found that said note, "although made payable to the Lexington Motor Company, was executed for immediate transfer to the plaintiff in return for a loan of $420 by the plaintiff to the defendant, such sum of $420 to be paid directly to said Lexington

Motor Company for the defendant." The court makes numerous findings of fact upon other matters which may be summarized as a finding that the loan was made directly by the plaintiff to the defendant, and the judgment of the trial court was based upon these findings. This finding of fact is not justified by the defendant's answer, which admits the execution and delivery of the note and mortgage to the Lexington Motor Company, and alleges that it was subsequently purchased by the plaintiff from the company which indorsed the same. This and other allegations of the answer not only negative the idea that the plaintiff loaned money to the defendant but in fact substantiate and admit the contention of the plaintiff that it purchased the note. It has long been the general rule in this jurisdiction that the findings of fact and judgment must conform to and be supported by the pleadings. *Hobbie v. Zaepffel*, 17 Neb. 536; *Upton v. Betts*, 59 Neb. 724; *Solt v. Anderson*, 63 Neb. 734; *Domann v. Domann*, 114 Neb. 563.

Furthermore, the findings of fact upon which the judgment was based in this case are erroneous. The answer admits the truth of allegations in the plaintiff's petition which are contrary to the findings of fact upon which the judgment is based. The allegation in the petition is that the plaintiff purchased a note from the Lexington Motor Company to whom it was executed and delivered, and the answer admits that fact. Where an allegation in the petition is admitted by the answer, the fact is established for the purpose of the case, and the court cannot disregard it. *Jacobs v. Williams*, 85 Conn. 215, Ann. Cas. 1913B, 900; *Heflebower v. Wiley*, 30 S. Dak. 184.

Moreover, findings of fact in this case are not supported by but are contrary to the evidence. It is essential that the findings of fact be sustained by sufficient evidence. *Sutherland v. Holliday*, 65 Neb. 9; *Fairfield v. Hart*, 139 Mich. 136; *Peckham v. Keenan*, 122 Kan. 544. The evidence of the defendant in this case is that he never had any dealings with the plaintiff company but

that all his dealings were with the Lexington Motor Company. The evidence does not, therefore, support the finding that the defendant borrowed money from the plaintiff.

The evidence not only does not support the finding that the plaintiff loaned money to the defendant but establishes quite the contrary; that the plaintiff purchased the note and mortgage executed by the defendant and did not in fact loan money to the defendant. This disposes of the contention of the appellee that the plaintiff made a loan under the provisions of the small chattel loan act (Comp. St. 1929, sec. 45-119) for the reason that there was no loan of money made by the plaintiff to the defendant. It was upon the theory that the plaintiff had loaned money in violation of this act that the trial court entered a judgment by which the plaintiff forfeited both principal and interest because of a violation of this act. This cannot be justified under the facts in this case. Under the general usury law, the payee loses only the interest. This court recently had under consideration a transaction whereby an automobile dealer sold a note at a discount to a finance company. See *Grand Island Finance Co. v. Fowler*, 124 Neb. 514.

The question presented for determination by the pleadings and the evidence in this case relates to the matter of usury and the knowledge of the plaintiff of the usury, if any, at the time of the purchase. This should be determined in this case with reference to the opinion of this court in *Grand Island Finance Co. v. Fowler, supra.*

It follows that the judgment of the trial court is erroneous and that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.