EMILY MCCORMACK, APPELLEE, V. THOMAS B. MURRAY, APPELLANT.

274 N. W. 383

FILED JUNE 30, 1937. No. 29991.

*Thomas & Thomas* and *Eugene D. O'Sullivan,* for appellant.

*John R. McCormack, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and LIGHTNER, District Judge.

PAINE, J.

In this case an attack is made upon a revivor of a deficiency judgment, on the ground that the original deficiency judgment was void.

On August 20, 1914, a petition for the foreclosure of a mortgage against the north 33 feet of a certain residence lot in Hanscom Place, Omaha, Nebraska, was filed. On January 11, 1915, the decree was entered, and on December 4, 1915, a motion was filed, setting out that the plaintiff was entitled to a deficiency judgment for the difference between $4,568.88, which was the amount of the original decree, with interest and costs of $54.80, less the amount of $3,700, which was the proceeds of the foreclosure sale.

This matter was taken under advisement until several years and many terms of court had passed, and then on June 17, 1918, the court found it would not be equitable to award the plaintiff a judgment for the full amount of the deficiency claimed, and then adds in such decree these words: "The court finds that the plaintiff Emily McCormack is justly entitled to judgment against defendant Thomas B. Murray for the rental value of the property during the period the same was held by the defendants Murray after default, with interest at the rate of 6% per annum. That the rental value of the premises was thirty dollars ($30) per month and the defendants Murray held possession after default from June 1, 1914, to December 1, 1915. That the amount which plaintiff is justly entitled to recover with interest to date is six hundred twenty-two and 50-100 dollars ($622.50) and the costs."

It thus clearly appears from the decree that, for some reason not given by the court, he found it would not be equitable to award the plaintiff the large sum due as a difference between the amount of the original decree less the amount realized at the foreclosure sale, plus interest for those years and costs, but that, without any allegation in any pleading raising this issue or requesting such a judgment, and apparently assuming power to go entirely outside the issues, the court simply rendered a judgment that the house, retained for 18 months, should have been worth a rental of $30 a month, amounting to $540, and added thereto 6 per cent. interest for the period from December 1, 1915, to June 17, 1918, amounting to $82.50, thus rendering a judgment for rental value and interest thereon at 6 per cent., in the total sum of $622.50. The difference between the original judgment with 6 per cent. interest and costs less the amount of $3,700 bid for the property would have amounted to upwards of $1,056, so the judgment entered for what the rental value amounted to was a little over half of the deficiency judgment which the court might have entered.

The judgment so entered is attacked on many grounds: First, that it was void because not entered at the term when the report of sale was made, but entered after several terms of court had intervened.

Appellant also insists that the judgment is absolutely void for the reason that it shows by its terms that it was entered for rental value, which was not mentioned in the pleadings nor in the motion for deficiency judgment.

Next, the appellant claims that the repeal of the deficiency judgment statute in April, 1933 (Laws 1933, ch. 41) destroyed that remedy in all cases except as preserved by section 49-301, Comp. St. 1929; that is, except in pending actions and in causes of action not in suit which accrued prior to the repeal.

The first question which must be decided is whether the court lost jurisdiction of the matter by holding the motion for a deficiency judgment under section 20-2141, Comp.

St. 1929, under advisement from December 4, 1915, the day it was submitted, until June 17, 1918, before entering judgment thereon.

Commissioner Pound said that such a judgment was without objection if rendered at any time during the same term. *Crary v. Buck,* 1 Neb. (Unof.) 596, 95 N. W. 839. This was enlarged in *Sawyer v. Bender,* 4 Neb. (Unof.) 304, 93 N. W. 980, but it was criticized in *Eastern Banking Co. v. Robbins,* 97 Neb. 318, 149 N. W. 779, in which it was said that after a delay of 14 years a court of equity would decline to enter a deficiency judgment, as such delay was inexcusable laches. However, nothing in the opinion indicates that such a question could not be held under advisement until a later term.

We are inclined to the view that, while his action is open to criticism, yet the trial judge, by holding the motion for deficiency judgment under advisement for several terms of court, did not lose jurisdiction thereof.

Was it prejudicial error for the trial court to enter a judgment for the rental value of the property while it was retained by mortgagor, together with interest thereon in the sum of $622.50, rather than to enter a judgment for the correct amount of the deficiency?

The appellant cites *Fidelity Finance Co. v. Westfall,* 127 Neb. 56, 254 N. W. 710, in which it was said: "It has long been the general rule in this jurisdiction that the findings of fact and judgment must conform to and be supported by the pleadings." And in *Bowman v. Cobb,* 128 Neb. 289, 258 N. W. 535, it is said: "Under our system of Code pleading and practice, issues to be tried must be formed by pleadings, and a judgment rendered thereon must respond to the issues raised by the pleadings." Appellant also calls our attention in his oral argument to the cases of *Hobbie v. Zaepffel,* 17 Neb. 536, 23 N. W. 514; *Upton v. Betts,* 59 Neb. 724, 82 N. W. 19; *Solt v. Anderson,* 63 Neb. 734, 89 N. W. 306.

On the other hand, in *Dryden v. Parrotte,* 61 Neb. 339, 85 N. W. 287, our court said: "And it is a universal prin-

ciple—an axiom of the law—that where a court has jurisdiction of both the subject-matter and the parties, power to decide implies authority to decide either way—to reach either a right or a wrong conclusion—and, in conformity therewith, to pronounce a judgment that will be conclusive upon the litigants and those in privity with them, unless reversed, vacated or modified in an appellate or other direct proceeding instituted for that purpose."

No bill of exceptions has been brought to this court, so we do not know what evidence may have been offered in reference to the rights and liabilities of the parties to this suit upon the hearing on the motion for deficiency judgment. In any event, the equities between them were in sharp dispute, and the issues doubtless became confused in the mind of the court during the months he was considering it.

Doubtless, if an appeal had been taken within proper time after the entry of this deficiency judgment on June 17, 1918, it would have been promptly set aside, and the judgment could have been entered for a correct and larger amount, in accordance with the pleadings. However, in our view, the judgment entered was not void, but clearly voidable; but an appeal on that ground was not seasonably taken, and it is too late now to go into that phase of the case.

This brings us to the more difficult question, whether the enactment of chapter 41, Laws 1933, repealing the deficiency judgment law, with emergency clause attached, rendered the judgment entered in this case void.

The title of the repealing act set out its purpose as follows: "To divest courts of the power to enter a deficiency judgment in actions for the foreclosure of real estate mortgages; and to repeal the original sections."

In the case at bar, the foreclosure sale was confirmed November 22, 1915, the motion for a deficiency judgment was submitted December 4, 1915, and on June 17, 1918, the court entered the deficiency judgment.

On April 29, 1921, an execution was issued, another was

issued March 10, 1926, and on March 14, 1928, the last execution was issued, and five years later, March 14, 1933, the deficiency judgment became dormant under section 20-1515, Comp. St. 1929. While the judgment was so dormant, the deficiency judgment statute was repealed on April 26, 1933, and the petition to revive the judgment was filed November 13, 1934, and the next day the conditional order of revivor was entered. On December 17, 1934, an answer by way of plea in bar was filed. On January 23, 1936, the final order of revivor was entered, from which this appeal was taken.

It is insisted by appellant that, being absolutely dormant, it was not in any sense a pending action, under the limitations of section 49-301, Comp. St. 1929, and we are cited to *Scudder v. Sargent,* 15 Neb. 102, 17 N. W. 369, where it is said: "An action cannot properly be said to be pending between the rendition and opening of the judgment."

This question has been considered by this court in several recent cases. In *First Trust Co. v. Glendale Realty Co.,* 125 Neb. 283, 250 N. W. 68, the trial court denied an application for a deficiency judgment. This was reversed by this court, which held that plaintiff was entitled to a deficiency judgment. Chapter 41, Laws 1933, repealing the deficiency judgment statute, was not in force when the final order was entered in the trial court, so it was held that it could not be presented to this court.

In the case of *Arnold v. Hawley,* 128 Neb. 766, 260 N. W. 284, this court said: "Section 20-2141, Comp. St. Supp. 1933, repealing previous statute permitting recovery of deficiency judgment in action for foreclosure of mortgage on realty, does not affect actions then pending."

Again, in the case of *Helfrich v. Baxter,* 128 Neb. 281, 258 N. W. 532, this court said: "Section 20-2141, Comp. St. 1929, as amended by chapter 41, Laws 1933, taking away the power of the court to enter deficiency judgments in equity actions, is not applicable to a suit pending at the time it went into effect by virtue of the general saving clause act, section 49-301, Comp. St. 1929."

This general saving clause was discussed in *Stowers v. Stuck*, 131 Neb. 409, 268 N. W. 310, in which it was said: "Plaintiff's action was not pending at the time of the repeal. The amendment went into effect April 26, 1933, and the petition was not filed until September 21, 1933. Under the general saving clause, does the repeal affect 'causes of action not in suit that accrued prior to any such repeal?'" And further, in the same case: "It has been held on principle that the general saving clause preserves the right of action on a claim for a deficiency judgment, though the debt secured by the mortgage was not due when the amending or repealing act was passed."

It is clear, from an examination of these holdings, that in enacting the repeal of the deficiency judgment law the legislature did not intend to wipe out the right of revivor of a former judgment regularly obtained years before. It may be considered as similar in legal effect to that clause in section 49-301, Comp. St. 1929, saying that such repeal shall in no manner affect "causes of action not in suit that accrued prior to any such repeal."

There being found no prejudicial error in the record, the judgment of the trial court is hereby

AFFIRMED.

CARTER, J., dissents.