AMERICAN LOAN PLAN, APPELLEE, V. V. C. FRAZELL ET AL., APPELLANTS.
283 N. W. 836

FILED FEBRUARY 10, 1939. No. 30469.

*W. A. Ehlers,* for appellants.

*Monsky, Grodinsky, Marer & Cohen, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This is an action of replevin for a new Ford Tudor automobile, brought in the district court for Douglas county by the American Loan Plan, a corporation, against V. C. Frazell, John E. Frazell, and Marie Frazell. The record discloses that at the commencement of the action the plaintiff filed a petition, and also the statutory affidavit for a writ of replevin. It also appears that the writ of replevin issued, but the property claimed (the automobile in suit) was not taken thereunder, and the action proceeded as one for damages under the terms of the statute. Comp. St. 1929, sec. 20-10,106. A jury was duly impaneled, and, at the close of all evidence, the trial court sustained the motion of plaintiff, "to instruct the jury to return a verdict in its favor or that the jury be discharged and judgment entered for plaintiff," and entered judgment in favor of plaintiff and against said defendants, V. C. Frazell and John E. Frazell, and each of them, for the sum of $446.99 and costs of suit. From the order of the trial court overruling their separate motions for new trial, the defendants appeal.

The following facts appear in the record, substantially without dispute, viz.: In September, 1935, John E. Frazell approached the McFayden-Stewart Company to purchase an automobile. He sought a "time plan" purchase. There was a difference between the automobile price on a cash basis and when purchased on the "time plan." As the bargain was finally consummated, on the basis of the time plan, he purchased a new 1935 Ford, Tudor model; he received an allowance of $78.75 for an old automobile which he traded in, paid $50 in cash, and together with his father, V. C. Frazell, executed and delivered to the McFayden-Stewart Company a chattel mortgage note or contract in

triplicate, in the sum of $659, payable in 23 instalments of $27.50 and one of $26.50. At the time of the transaction it was expected by the parties that the Universal Credit Company would finance the transaction, and the chattel mortgage note or contract in triplicate was executed on blanks provided by that company. However, the Universal Credit Company refused to take the paper because of the time of maturity provided therein. Accordingly, the American Loan Plan, a corporation, plaintiff herein, was contacted, and it purchased the chattel mortgage note or contract (exhibits 5, 6, 7) and paid therefor by a check of $500, dated September 18, 1935, payable to the McFayden-Stewart Company, and received its purchase as indorsee or assignee thereof. Thereafter, within a few days, V. C. Frazell, John E. Frazell, and Marie Frazell (wife of John E. Frazell) executed a promissory note and a "conditional sale contract and assignment" securing the same (exhibits 1 and 2) covering the automobile purchased (and described in the chattel mortgage note or contract, exhibits 5, 6, 7, previously executed), which were delivered to the Mc-Fayden-Stewart Company, and then executed by the latter (together with necessary indorsements and assignments to the American Loan Plan), and in turn, by the Mc-Fayden-Stewart Company, delivered to the American Loan Plan, plaintiff herein. It appears that by agreement of the parties the instruments last executed (exhibits 1 and 2) were substituted for the instruments first executed (exhibits 5, 6, 7), which latter were, in due time, returned to and delivered back to Frazell, who accepted and received the same. Thereafter the Frazells made default in the payments contracted to be made, and thereupon this action was instituted to recover possession of the property covered by the conditional sale contract and assignment.

Appellants' first contention is that plaintiff cannot recover because in the affidavit in replevin it claims a right to recover by reason of a special ownership, and "the proof if any shows general ownership or title." The authorities cited by appellants in support of this contention are not in

point. True, it may be said the affidavit in replevin is defective. In this instrument the statement appears that plaintiff "has a special ownership in the above described property (the automobile in suit) under and by virtue of the terms and conditions of a certain instrument attached hereto marked exhibit 'A' and by special reference herein made a part of this affidavit," but "exhibit A" was not attached to the original affidavit in replevin and the terms and conditions of the instrument relied upon do not otherwise appear in this affidavit. No property was taken or secured by the writ of replevin which issued upon the filing of this affidavit. Neither was the sufficiency of this affidavit challenged by the defendants during or prior to the trial on the merits in the district court.

As applied to an action in replevin in the district court, a civil action is commenced by filing in the proper court a petition and causing a summons to be issued thereon. Its jurisdiction is dependent upon the petition filed and not upon what may appear in the affidavit in replevin. *Tiedtke v. Whalen*, 133 Neb. 301, 275 N. W. 79.

In the instant case the pleader had properly pleaded in its petition the conditional sale contract and assignment which furnished the basis of its cause of action. In fact, its sufficiency is not questioned. The case of *Hudelson v. First Nat. Bank of Tobias*, 51 Neb. 557, 71 N. W. 304, appears to control in the case here presented. In such *Hudelson* case no attack was made upon the affidavit in replevin preceding or during the trial. We quote from the opinion by the court, viz.: "It will no doubt have been noticed that there was an entire absence of any statement, either in the words of the Code or in their equivalents, or of facts which showed the wrongful, or any, detention of the property by the plaintiffs in error. This was a fatal defect. An allegation of unlawful detention is essential. Cobbey, Replevin, sec. 542. But this was an action in district court, and the petition, duly verified and on file, contained the statement of the wrongful detention of the property, and this was sufficient to give jurisdiction to issue the writ, and it was

not void but voidable; and had the writ and affidavit been attacked by proper plea, the court might on application have allowed the affidavit to be amended. *Commercial State Bank v. Ketcham,* 46 Neb. 568; *Lewis v. Connolly,* 29 Neb. 222. No objections were made to either the form or substance of the affidavit in the district court, nor was the validity of the writ of replevin questioned, so far as the record presented here discloses. By appearing and answering to the merits and going to trial without making such objections, the parties waived defects in the affidavit."

The appellants also contend that, "Where a purchaser of an automobile from a dealer receives a formal bill of sale complying with sections 60-310 and 60-325, Comp. St. 1929, transferring complete and absolute title to the purchaser, a subsequently executed conditional sale contract signed by the purchaser purporting to reserve the title of the automobile in the dealer is a nullity, the dealer having transferred his title by giving the bill of sale as required by law." In the instant case there are no third parties to this · record. The controversy is between the appellants and the assignee of appellants' contract. The controlling rule is, viz.: "Where a creditor accepts from his debtor any form of new agreement in place of a prior contract or obligation between them, with the intent to cancel the former and to substitute the new one therefor, novation by the substitution of an obligation takes place." 46 C. J. 586.

Here, the conditional sale contract and assignment is supported by ample consideration. It is subscribed by both parties thereto. It creates by force of valid contract the rights therein specified, and is a valid, enforceable instrument. *Klingensmith v. Clow & Sons,* 270 Mich. 460, 259 N. W. 312.

The defense of usury, under the facts in this case, is clearly precluded by the doctrine announced by this court in *Grand Island Finance Co. v. Fowler,* 124 Neb. 514, 247 N. W. 429. We are there committed to these views, viz.:

"A dealer in automobiles may in good faith sell a car on time for a price in excess of the cash price without tainting

the transaction with usury, though the difference in prices may exceed lawful interest for a loan.

"'Where original purchase of automobile on credit was valid, it is immaterial in defense of usury to suit on note for car that finance company solicited contracts from automobile dealers and furnished schedules for that purpose.' *Commercial Credit Co. v. Tarwater*, 215 Ala. 123.

"'Purchase of note at discount beyond legal rate of interest does not constitute transaction "usurious."' *Commercial Credit Co. v. Tarwater*, 215 Ala. 123."

See, also, *Fidelity Finance Co. v. Westfall*, 127 Neb. 56, 254 N. W. 710.

So, too, the action in replevin was properly instituted against the defendants executing the so-called conditional sale contract and assignment. The property sought to be taken on the writ having been concealed and not recovered thereunder, the action properly proceeded as an action for damages against the same parties. The evidence in the record is clearly insufficient to prove the defense that the orginal transaction was a usurious loan instead of a sale.

It follows that the judgment entered by the trial court is correct, and it is

AFFIRMED.