UNDERWRITERS ACCEPTANCE CORPORATION, A CORPORATION, APPELLEE, v. WILLIAM A. DUNKIN, APPELLANT.

41 N. W. 2d 855

Filed March 23, 1950.    No. 32692.

*William A. Ehlers,* for appellant.

*Fitzgerald & Smith,* and *James W. R. Brown,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an action in replevin brought by Underwriters Acceptance Corporation against William A. Dunkin. It is based on a chattel mortgage lien. It was brought for the purpose of recovering possession of a DeSoto automobile. After the automobile had been taken it was repossessed by defendant. The action then proceeded as one in damages. The court found for the plaintiff. Defendant filed a motion for a new trial and has appealed from the overruling thereof. Plaintiff has cross-appealed.

Appellant contends that the trial court erred in refusing to enjoin appellee from instituting and maintaining this action while an equity action, which he had instituted in the district court for Douglas County, was pending. He also contends the trial court erred in refusing to consolidate the two cases.

In order to clarify these contentions it should be stated that appellant, prior to the institution by appellee of this replevin action, had instituted an action in the district court for Douglas County against appellee and J. E. Samson, doing business as Crosstown Motors. The action instituted by appellant involved the same subject matter as here. Therein appellant sought relief which included the relief for which he asks here. We will refer to this action as the equity action.

We have searched the transcript in the replevin action for a ruling of the trial court on either of these issues but have failed to find any such ruling. A question not presented and ruled on by the trial court will not be considered on appeal. Neither does a motion, which was never presented and ruled on below, present anything for review. Horbach v. Butler, 135 Neb. 394, 281 N. W. 804; 4 C. J. S., Appeal and Error, § 321, p. 656.

The transcript herein filed contains most of the pro-

ceedings had in the equity action, although the actions were separately tried and this appeal is in the replevin action only. The records in the equity action show rulings were therein had on both questions which are here sought to be reviewed. It is apparently appellant's thought that the following stipulation consolidated the two cases for the purpose of appeal. Similar stipulations were made in both actions. The stipulation in the replevin action is as follows: "That the case of William A. Dunkin, as plaintiff, and against Underwriters Acceptance Corporation, as defendant, appearing on Docket 399, page 324, and the above entitled case of Underwriters Acceptance Corporation, as plaintiff, vs William A. Dunkin, as defendant, appearing in Docket 402, page 267, involving the same parties and the same issues, and having been considered and decided together, that on an appeal by either party in either case, that any part of the pleadings, orders of the court, and the evidence in the other case may be made a part of the clerk's transcript and the Bill of Exceptions, upon request of either party, as effectually as if a part of the case in which an appeal may be taken."

This stipulation does not have the effect of consolidating the two cases for the purpose of appeal.

While this stipulation permitted the parties on appeal to include in the transcript in the replevin action the pleadings and orders in the equity action, it did not thereby make them orders in the replevin action. Error cannot be predicated upon rulings which have never actually been made in the case appealed.

But assuming that such orders had been entered in the replevin action and that the trial court had refused to enjoin the appellee from instituting and maintaining the replevin action and had also refused to consolidate the two cases, could prejudicial error requiring reversal be based thereon? We think not. It appears that a full trial was had in both cases, that the trial court considered and decided them together, and that decrees were

entered in each case. That is all that a trial could have accomplished had the cases been either consolidated or the equity case tried alone.

Section 25-853, R. R. S. 1943, provides: "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

We said in Moore v. Schank, 148 Neb. 228, 27 N. W. 2d 165: "The rule is that no judgment shall be reversed or affected by reason of any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. § 25-853, R. S. 1943. We need not determine whether or not the action of the trial court was erroneous. It is not contended by defendant that any substantial right was affected, and it is not apparent to us that the ruling had any such effect. There is no merit in the assignment."

We find these contentions to be without merit.

The record discloses that appellant bought the car herein involved from J. E. Samson of Omaha, Nebraska, doing business as Crosstown Motors. It was a used 1940 DeSoto sedan. Appellant paid $370 in cash on the purchase price and executed his note and chattel mortgage for the balance. The note and mortgage are the subject matter of this action. The note is in the principal sum of $898.50 and is payable in 15 monthly installments of $59.90 each, commencing on July 14, 1946, and continuing to and including September 14, 1947. Three payments were made and the remaining 12 installments remain unpaid.

The appeal and cross-appeal present each of the parties' theory of why the trial court was wrong in entering the judgment that it did. The trial court entered a judgment for appellee in the sum of $550.30. This is the sum of $730, less the three installments which appellant had

paid. The $730 is more fully referred to and explained later in the opinion.

Appellant contends he bought the car for $1,100 and paid thereon the sum of $370, thus leaving a balance due of $730; that he financed this balance through the appellee; that appellee has a license to operate under the Nebraska statutes authorizing installment loans, referred to by the parties as the Small Loan Act, and was operating as such licensee; that it charged the sum of $168.50 as a finance charge in making the loan; that the amount charged for making the loan is in excess of that permitted by section 45-137, R. S. 1943; and that, by reason thereof, the provisions of that statute make the loan void and uncollectible.

Appellee contends that Samson in selling the car had two prices, one for cash and another if purchased on time; that the cash price was $1,100 and the time sale price was $1,268.50; that appellant purchased the car on time; that he paid thereon $370; that there remained owing on the time sale purchase price the sum of $898.50; that the note and mortgage were given in payment thereof; and that the question of interest or charges for making a loan is not involved in the transaction.

If the facts sustain this theory of the transaction then the appellee is right for we have often said: " 'A dealer in automobiles may in good faith sell a car on time for a price in excess of the cash price without tainting the transaction with usury, though the difference in prices may exceed lawful interest for a loan.' Grand Island Finance Co. v. Fowler, 124 Neb. 514, 247 N. W. 429." American Loan Plan v. Frazell, 135 Neb. 718, 283 N. W. 836. See, also, Fidelity Finance Co. v. Westfall, 127 Neb. 56, 254 N. W. 710.

However, we do not need to decide the question of whether appellant bought the car on a time sale price. Assuming the transaction was in fact a loan made to finance the unpaid balance of the cash payment, as appellant contends, he would not be correct because all of the

$168.50 was not added as finance charges. The $168.50 included $38.75 which was a premium paid for insurance on the car during the period of the loan. This insurance premium was a proper item to include in the loan. See section 45-139, R. S. 1943. It was not payable by the seller under the provisions of the invoice, as would have been the situation had the transaction been a time sale. Since the facts do not sustain appellant's contention that the $168.50 was all finance charges for making the loan, we find his contention based thereon to be without merit.

The car was returned to the appellant. We think the following principle is here applicable: "Where the plaintiff in an action of replevin claims a special interest only in the property in controversy by virtue of a mortgage or other lien, his measure of damage, in case the property cannot be returned, is the amount of his lien with interest and costs, within the value of the property." Hickman-Williams Agency v. Haney, *ante* p. 219, 40 N. W. 2d 813.

We find the note to be valid. The amount owing, with interest, is only a matter of computation. However, the record provides no satisfactory evidence upon which the value of the automobile can be determined. We therefore remand the cause to the trial court with directions to receive evidence solely as to the value of the car at the time of the original filing of this action in the municipal court of the city of Omaha and then enter a decree in accordance with the foregoing principle.

There are many other questions raised by appellant but in view of our holding herein they become immaterial and need not be discussed.

REVERSED AND REMANDED WITH DIRECTIONS.