JOHN DEVEREAUX, PLAINTIFF IN ERROR, V. HUGH HENRY, DEFENDANT IN ERROR.

Statute of Limitations: ACKNOWLEDGMENT OF EXISTING LIABILITY. The debtor wrote and sent a letter to the plaintiff—creditor—within less than four years next before the commencement of the action on the account, saying, with reference to the claim, "If ever I get able, I will pay every dollar I owe to you and all the rest. You can tell all as soon as I get anything to pay with, I will pay. As for giving a note, it is of no use, I will pay just as quick without a note as with it." *Held*, That the letter acknowledged an "existing liability," and thereby took the case out of the operation of the statute of limitations.

ERROR to the district court for Butler county. Tried below before POST, J.

*E. R. Dean,* for plaintiff in error, cited: *Mayberry v. Willoughby,* 5 Neb., 370.   *Bell v. Morrison,* 1 Peters, 352. Angell on Limitations, 246.   6 Peters, 91.   3 Bingham, 329.   9 Cow., 674.   2 Pick., 368.   *Miller v. Baschore,* 83 Penn. State, 356.

*W. H. Fuller* and *H. Garfield,* for defendant in error, cited: *Elder v. Dyer,* 26 Kan., 604.   *Penley v. Waterhouse,* 3 Iowa, 418.   *Bissell v. Jaudon,* 16 Ohio State, 508.   *Hill v. Henry,* 17 Ohio, 9.   *Blakeman v. Fonda,* 41 Conn., 564.

REESE, J.

The only question presented for decision in this case is, whether or not a letter written by the plaintiff in error to the defendant in error, dated the 2d day of May, 1880, is sufficient to remove the bar of the statute of limitations. The material portion of the letter is as follows: "If ever I get able, I will pay every dollar I owe to you and all the rest.   You can tell all as soon as I get anything to pay with, I will pay.   As for giving a note, it is of no use, I will pay just as quick without a note as with it."

The court below found that the plaintiff in error by this letter acknowledged an existing liability upon the account sued on, and that he thereby took the case out of the statute of limitations.

Section 22 of the civil code provides three ways by which an action on contract may be taken out of the operation of the statute: 1. By the payment of part of the principal or interest. 2. By an acknowledgment in writing of an existing liability, debt, or claim, signed by the party to be charged. 3. By a promise of payment in writing, signed by the party to be charged. The statute does not require that all of those things shall exist before a cause of action is taken out of the operation of the statute, but only requires that some one of them shall exist; hence, if any one

of these things transpires, then the cause of action is taken out of the operation of the statute.

It is shown by the testimony in the case that this letter referred to this particular claim. That the defendant in error had written to the plaintiff in error concerning payment, and in answer thereto the plaintiff in error tells the defendant in error that "if he ever gets able he will pay him every dollar he owes him. As for giving a note, it is of no use; he will pay just as quick without a note as with it."

The plaintiff in error has cited a number of authorities, but we think they are not applicable to this case, nor do we believe any can be found which are directly in point. The difficulty being that he loses sight of the peculiar provisions of our statute, which must control. This provision is, in substance, that if the debtor has in writing acknowledged an existing liability, debt, or claim, an action may be brought "in such case within the period prescribed for the same after such" acknowledgment. The action is not to be brought upon the acknowledgment, but upon the original debt, the time in which it may be brought being simply extended by the acknowledgment. *Elder v. Dyer*, 26 Kas., 604.

The rules invoked by the plaintiff in error would be applicable to this case were it not for this statute, and in that case the alleged acknowledgment would have to be measured by those rules, and would be perhaps insufficient to imply a new promise. But as no such implication is necessary under our law, the acknowledgment itself being sufficient, we find no trouble in applying the statutory rule. In this we think there was no error.

In examining the transcript of this case we have discovered a mistake in calculation, which has evidently occurred without the knowledge of the trial court.

The defendant in error has charged, as items in his account, interest on each year's statement, the account having

run for several years without being stated or settled. This is a continuous account, and the interest would not begin to run until the expiration of six months after the date of the last item. Sec. 4, chap. 44, Compiled Statutes. The last item in this account is January 13, 1878. The interest began to run July 13, 1878. The account less interest is $269.92. The interest would be $93.00, which, added to the account would amount to $362.00, instead of $424.01, as found by the court. The judgment was therefore for $62.09 more than it should have been. For this error the judgment must be reversed and a new trial ordered, unless the defendant in error will remit the said sum of $62.09, which he has leave to do within thirty days from this date. If such remittitur is filed, the judgment of the district court is affirmed.

The costs in this court are taxed to the defendant in error.

JUDGMENT ACCORDINGLY.

THE other judges concur.