34 107<br>52 386

MARY S. STAKER v. B. H. BEGOLE ET AL.

[FILED MARCH 2, 1892.]

1. Interest: UNSETTLED ACCOUNTS do not draw interest until the expiration of six months from the date of the last item therein.

2. Review.   Evidence examined, and *held*, not to sustain the judgment.

ERROR to the district court for Gage county.   Tried below before APPELGET, J.

*R. S. Bibb*, for plaintiff in error.

*Hazlett & Bates, contra.*

NORVAL, J.

This suit is upon a promissory note for $165, given by Begole & Van Arsdale to the plaintiff in error, bearing date April 29, 1887, due six months after date, with interest at the rate of ten per cent from maturity.

The defendants admit the execution and delivery of the note, and aver that the plaintiff agreed to trade out of defendant's store the amount of the note, assumed all accounts due the defendants from plaintiff's husband, and was to occupy their dwelling and pay $12.50 per month

as rent therefor; that at the time the note was executed the sum of $30.01 was due defendants for goods sold and delivered to plaintiff's husband, which plaintiff agreed to pay; that the amount due defendants for rent of house and for goods sold and delivered to the plaintiff since the making of the note is $137. The defendants ask judgment for $205.

There was a trial to a jury and a verdict returned in favor of the defendants for $205. The plaintiff filed a motion for a new trial and the defendants offered to remit $30.05 from the verdict and allow judgment to be entered for plaintiff for $28. The court thereupon overruled the motion for a new trial and entered judgment for plaintiff for $28.

The plaintiff was the owner of a house and lot in Beatrice, which her husband traded to the defendants for a span of mules. The note was given by the defendants for the difference between the price of the mules and the value of the house and lot.

The testimony introduced by the defendants tends to show that at the time of the trade plaintiff's husband agreed that plaintiff should pay Mr. Staker's indebtedness to the defendants, which was $30.01; that she was to pay $12.50 per month for use of the house during the summer, and was to take goods out of the store, which were to be applied upon the note. Mr. Staker received goods to the amount of $70.04, which he peddled through the country, but which were charged to plaintiff, as well as $62.50 for five months' rent of house. Mr. Begole is the only witness called by the defendants who testified to the terms of the trade, and he is contradicted by the testimony of Mr. Staker.

The plaintiff testifies she did not purchase anything at defendant's store, and did not authorize her husband to do so on her account; that she did not agree to pay the rent of the house or her husband's indebtedness to the defendants,

and that she never consented to or authorized him to make any such an agreement for her.

The burden was upon the defendant's to make their defense by a preponderance of the evidence. Under the testimony introduced by the plaintiff, if true, she was entitled to a judgment for the full amount of note and interest. Even though we should give 'no weight to the evidence of the plaintiff and her witnesses, the judgment cannot be sustained. As to the indebtedness of $30.01 of Mr..Staker to the defendants at the time the note was given, plaintiff is not liable therefor, for the reason the original debt was not released; the alleged agreement to pay this debt not being in writing was void under the statute of frauds. Besides there is entire lack of evidence to show that plaintiff's husband had any authority to make such a contract for her. It is indeed strange that the amount of his indebtedness was not deducted when the note was given, if, as defendants contend, plaintiff was to pay it. We find no explanation in the testimony why that was not done. The amount of goods received by plaintiff's husband subsequent to the date of the note, and the five months' rent of the house, amount to $132.54, or $32.46 less than the face of note. So that, without taking into consideration interest upon the note after its maturity to the date of trial, the judgment was too small by $4.46.

The plaintiff is charged in the defendants' account with $4.50 interest, which cannot be allowed. There was no contract to pay interest, therefore under the statute interest did not begin to run until the expiration of six months from the date of the last item of the account. ( *Weston v. Brown*, 30 Neb., 609.) The note was due prior to the time the account would bear interest, so that the defendants were only entitled to credit upon the note as of the date it fell due, with the face of the account, without interest.

Giving the defendants credit with the item of interest of $4.50, there was still a balance due the plaintiff on note at

its maturity of $27.96, which with interest thereon at ten per cent until the date of the trial in the court below amounted to $30.46. So in any view of the case we conclude the plaintiff was entitled to recover a larger sum. The judgment is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.