JOSEPH GARNEAU, JR., V. OMAHA PRINTING COMPANY.

FILED OCTOBER 6, 1897. No. 7443.

1. Review: CONFLICTING EVIDENCE. A verdict upon conflicting evidence will not be disturbed upon review.

2. Accounts: INTEREST. In the absence of a contract upon the subject, unsettled accounts do not draw interest until six months after the date of the last item.

3. Excessive Verdict: REMITTITUR. Verdict *held* excessive and a remittitur required to be entered as a condition of affirmance for the correct amount.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J. *Affirmed conditionally.*

*Joel W. West*, for plaintiff in error.

*Charles Offutt, contra.*

NORVAL, J.

The Omaha Printing Company brought two suits in the court below, each upon an itemized account, one against Joseph Garneau alone, for the sum of $581.26, and interest from August 21, 1891, and the other against Garneau and Nye, in the sum of $2,408.77, with interest thereon from January 1, 1891. There was no service of summons made upon Nye. Garneau answered by a general denial, and that the items sued for were furnished to the Topics Company, a corporation, and not to the defendant. By stipulation of the parties the two causes were consolidated for the purpose of trial. There was a verdict for plaintiff in each case, in one for $798.47, and in the other for $2,931.44. Judgments followed the verdicts.

The assignments of error relied upon for reversal are that the evidence is insufficient to sustain the findings of the jury, and that the amounts of the verdicts are excessive. The indebtedness was incurred in the publication of a paper in Omaha known as "Topics," between February 27, 1890, and February 21, 1891. As we understand it, there is no dispute that the merchandise and job printing were furnished as charged in the accounts, and it is expressly stated in the brief of defendant below that he is personally liable for the larger portion of the indebtedness in controversy; but it is insisted that he is not liable for the indebtedness incurred in the publication of the "Topics" from July 16, 1890, to November 15 of the same year, since the "Topics" was published by a corporation known as the "Topics Company," and that the indebtedness during such period was contracted by it; hence the corporation alone is liable therefor. Mr. Garneau himself testified on the trial that the business of the paper was conducted or run after the organization of the Topics Company precisely as before, without any change. Moreover, it was not shown that said corporation ever published the paper, and there is evidence tending to show that Mr. Garneau directed the Omaha Printing Company

to charge to himself the items named in the accounts, which was accordingly done. Furthermore, when the bills sued upon were presented to Mr. Garneau for payment, he made no claim that he was not individually liable, but his sole objection then was to the correctness of certain items in the accounts.

Defendant contends that the smaller verdict is eleven cents too large, but, the amount being so trifling, he waives that error. He complains that the other verdict is excessive by the sum of $90.30. The principal sum in that case was $2,408.77, which, with interest thereon at seven per cent from May 14, 1891, six months after the date of the last item of the account, to February 5, 1894, the first day of the term at which the trial was had, makes the total amount due on that cause of action $2,868.21, or $63.23 less than the verdict returned. Plaintiff below concedes in the brief that the verdict in one of the cases is excessive in the last named amount, if interest was allowable only from six months from the date of the last item, but it is urged that that is not the proper date from which to cast interest. By section 4, chapter 44, Compiled Statutes, it is provided that "unsettled accounts between parties shall bear interest after six months from the date of the last item thereof." The contention is that the accounts declared upon in these cases are not unsettled within the meaning of the above provision of the statute; that an open account by one person against another is not within the purview of the statute, but that the legislature, by the use of the term "unsettled accounts," meant cases where each party has an account against the other and there has been no settlement between them, interest shall be computed after six months from the date of the last item. Accepting, without deciding the point, that this is the proper interpretation of the statute, yet the actions are upon "unsettled accounts," and the computation made by the jury of the amount due is wrong, since the accounts contain both items of credits and debits. That certainly constituted accounts between the

parties. Plaintiff below not only exhibited its own accounts, but those of its adversary as well. This court, in obedience to the express provision of the statute, has more than once decided that in the absence of a contract unsettled accounts do not draw interest until the expiration of six months from the date of the last item therein. (*Deveraux v. Henry*, 16 Neb., 55; *Weston v. Brown*, 30 Neb., 609; *Staker v. Begole*, 34 Neb., 107.)

Attention is called to the fact that in *Beck v. Deveraux*, 9 Neb., 109, interest upon an open account was allowed from the end of each month in which the items were furnished. In that case there was disclosed an express agreement between the parties that the amount of an account for a given month was payable at the end of such month. By virtue of such agreement the account for each month was an independent demand, and drew interest from the end of the month, the time it became due. In this case no agreement of that character is alleged, hence the statutory rule for the computation of interest on unsettled accounts controls.

It is insisted the point was not urged in the court below that the verdicts were excessive. This contention is refuted by the record, which discloses that one of the grounds assigned in the motion for a new trial was that the verdicts were too large. This was the proper mode of raising the question.

The judgment upon the smaller verdict is affirmed, and the plaintiff is required to file with the clerk of this court within forty days a remittitur from the larger verdict of the sum of $63.23 as of the date of such verdict, else the judgment rendered thereon will be reversed. In case the remittitur is so entered, the judgment on the larger verdict will be affirmed for $2,868.21.

JUDGMENT ACCORDINGLY.