CHARLES W. WHITNEY, APPELLEE, V. CARL BROEDER ET AL., APPELLANTS.

FILED SEPTEMBER 26, 1913.   No. 17,273.

1. **Appeal: REJECTION OF EVIDENCE: BRIEFS.** An assignment of error directed to the rejection of offered testimony may be disregarded on appeal, if the places in the record where the offer of proof and the challenged ruling may be found are not pointed out in appellant's brief.

2. **Trial: INSTRUCTIONS: RECORD.** An instruction requiring the party on whom the burden of proof rests to "satisfy" the jury on an issue of fact by a preponderance of the evidence is not a ground for reversing a judgment, where prejudice to appellant is not shown by the record.

3. ———: ———: ———. The giving of instructions submitting to the jury as an issue of fact the authority of an agent to make warranties in selling horses for his principal, *held* not ground for reversing a judgment in favor of the latter, on a record showing that the parties raised such issue by the pleadings and supported it by proof, and that the trial court was not asked to determine that issue as one of law, or to take that question from the jury by an instruction.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan,* for appellants.

23

*Hoagland & Hoagland, contra.*

Rose, J.

Plaintiff sued defendants for the balance due on a promissory note for $900, dated July 9, 1907, payable January 9, 1908, and bearing interest at the rate of 10 per cent. per annum. A credit of $639.50, August 19, 1907, is pleaded in the petition, leaving unpaid a balance of $260.50. Defendants admitted the execution and delivery of the note and the payment of $639.50. In addition, the following facts are pleaded in the answer: The note was given for 26 horses and 9 colts purchased by defendants from plaintiff. Six of the horses had recently been castrated, and plaintiff, through C. A. Moore, who was the former's agent, agreed that, if any of the animals should die as the result of castration, their value should be credited on the note. A few days after the sale two animals of the value of $75 so died, and plaintiff is entitled to credit for that sum. As an inducement to the purchase, plaintiff, through the agent Moore, falsely represented to defendants and warranted that none of the animals was over eight years old. In these respects defendants relied on plaintiff. Fifteen of the animals were from 12 to 15 years old, and were worth $25 a head less than they would have been had they been as represented. By reason of plaintiff's false representations and breach of warranty, defendants were damaged in the sum of $375. All of the facts pleaded by defendants, except the admissions in the answer, are denied in a reply. The case was tried to a jury. From a judgment in favor of plaintiff for $291.19, defendants have appealed.

The first assignment of error is directed to the rejection of offered testimony, but the places in the abstract or bill of exceptions where the offer of proof and the challenged ruling of the trial court may be found are not pointed out in the brief. The assignment will therefore be disregarded for failure to comply with that part of rule 9 which de-

clares: "Each brief shall by number designate the several pages of the record containing matter bearing upon the' questions discussed in such brief."

The following instruction is criticised as erroneous: "If the defendants have failed to satisfy you by a preponderance of the evidence that C. A. Moore acted as plaintiff's agent in the sale of the horses in question, or that he acted within his authority or apparent authority, or that he agreed to credit the value of all horses that died as the result of their castration upon the note sued upon, and guaranteed and warranted all of said horses to be eight years old and under, then you will return a verdict for plaintiff; or, if defendants have failed to satisfy you by a preponderance of the evidence that defendants believed and relied upon said Moore's alleged agreement to give credit on the note sued upon for the value of all horses that died as the result of their castration, and the alleged guarantee and warranty that said horses were of the age of eight years and under, or that such representations were what induced defendants to buy, you will find for plaintiff."

It is argued that the word "satisfy" in the connection in which it is thus used, requires too high a degree of proof. It is contended that to "satisfy" a jury on an issue of fact is to require more than a preponderance of the evidence. Instructions containing expressions like those quoted have frequently been criticised, but they are not necessarily prejudicial. In the present case the word "satisfy" is modified "by preponderance of the evidence." It is only by a preponderance of the evidence that the jury are to be satisfied. Earlier in the charge they were directed that defendants admitted the execution and delivery of the note, and that the burden rested upon them to show by a preponderance of the testimony each and every material allegation of their answer. "If the preponderance is with the plaintiff," said the trial court, "or if the testimony is evenly balanced, you should find for the plaintiff." In that part of the instructions defendants were not re-

quired to "satisfy" the jury by a preponderance of the evidence. When the charge is considered as a whole, in connection with the entire record, there is nothing to indicate that the jury were misled, or that defendants were prejudiced by the use of the word "satisfy" in the instructions. Qualifications of the term "preponderance of the evidence" were criticised in *Altschuler v. Coburn,* 38 Neb. 881, but an instruction open to such criticism did not result in a reversal. For the same reasons, this assignment of error will be overruled.

The final assignments of error are directed to a number of instructions submitting to the jury the issue as to Moore's authority to make representations and warranties. It is argued that the trial court should have decided, as a matter of law, that Moore had authority to act for plaintiff in making the sale. In the answer it was alleged that Moore was the agent of plaintiff, and acted for him in making the representations and warranties. This was denied by the reply. Defendants were conceded the right to open and close, and adduced proof tending to establish the representations and warranties upon which they relied, and Moore's authority to make them. Plaintiff testified that Moore had no such authority. The parties therefore tried the issue as one of fact, and the trial court adopted their theory. The abstract does not show that defendants, at any stage of the proceedings, asked the trial court to determine Moore's authority as a question of law, or that an instruction to that effect was requested. With the record in the condition indicated, defendants are not entitled to a reversal on the ground that the issue as to the authority of plaintiff's agent was erroneously submitted to the jury. No reversible error has been pointed out, and the judgment is

AFFIRMED.

BARNES, FAWCETT, and HAMER, JJ., not sitting.