WOODBURY GRANITE COMPANY, APPELLANT, v. CARL J. MILLER, APPELLEE.

FILED MARCH 16, 1918. No. 19842.

Interest: UNSETTLED ACCOUNTS. In an action covering unsettled accounts between parties, the interest shall not begin to run until after the expiration of six months from the date of the last item, whether the same shall be a debit or a credit.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. Affirmed.

J. E. Willits, for appellant.

Stiner & Boslaugh, contra.

HAMER, J.

This is an appeal from the judgment of the district court for Adams county. The petition alleged that the plaintiff was a corporation engaged in the marble and granite business at Hardwick, Vermont, and that it had sold and delivered certain goods, wares and merchandise to the defendant, amounting to $2,725.25. It acknowledged payment by the defendant of $2,498.34. There was a prayer for judgment for the plaintiff and against the defendant for $363 and interest at the rate of 7 per cent. per annum from the 8th day of September, 1914, and the costs. There was an agreement that the plaintiff had sold and delivered to the defendant certain goods, wares and merchandise, commencing on July 1, 1908, and ending on August 8, 1911, as shown by the statement made a part of the petition of the plaintiff. It was also stipulated that the defendant had paid certain amounts as shown by the agreement of the parties, the last payment being September 8, 1914. The court found that the plaintiff was not entitled to any interest on the amount due him until six months "from and after the 8th day of September, A. D. 1914, and that the interest did not commence to run on the amount due plaintiff until the 8th day of March, A. D. 1915." It will be seen that the court allowed interest from the expiration of six months from the 8th day of September, 1914, which was the date of the last payment. There was a finding and judgment in favor of the plaintiff for the sum of $226.91 and the interest due thereon at the rate of 7 per cent. per annum from the 8th day of March, 1915, amounting to $14.75, the total amount being $241.66.

It is claimed that the court erred in not computing interest after six months from date of the last item sold and delivered on such sum as was then due. The appellant appears to have disclosed that the last item of this unsettled account bore the date of September 8, 1914. This was a credit item. It is the last item of

102 Neb.—20

the account. It is claimed by the defendant that the action of the district court was in harmony with the statute, and also the construction thereof heretofore given by this court. The statute reads: "Unsettled accounts between parties shall bear interest after six months from the date of the last item thereof." Rev. St. 1913, sec. 3349. In *Garneau v. Omaha Printing Co.*, 52 Neb. 383, this court held: "In the absence of a contract upon the subject, unsettled accounts do not draw interest until six months after the date of the last item." In the opinion the court said: "The actions are upon 'unsettled accounts.' and the computation made by the jury, of the amount due is wrong, since the accounts contain both items of credits and debits. That certainly constituted accounts between the parties. Plaintiff below not only exhibited its own accounts, but those of its adversary as well. This court, in obedience to the express provision of the statute, has more than once decided that in the absence of a contract unsettled accounts do not draw interest until the expiration of six months from the date of the last item therein." Of course, if it is the last item therein, and the subject under discussion is "unsettled accounts," then it is immaterial whether the last item was a debit or a credit. In the instant case the last item was a credit. Giving the construction of the statute which it seems to demand, the "last item thereof" may be either a debit or a credit.

The judgment of the district court is

Affirmed.