WILLARD W. MOORE, DOING BUSINESS AS SCOTTSBLUFF SASH AND DOOR COMPANY, APPELLEE, v. ERNEST W. SCHANK, APPELLANT.

27 N. W. 2d 165

Filed April 11, 1947. No. 32180.

*Dwight Elliott* and *Frank Glebe,* for appellant.

*Morrow, Lovell & Bulger,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This is an action to recover the balance due on an open account for goods sold and delivered. Plaintiff recovered a judgment. Defendant appeals. We require a remittitur and, subject thereto, affirm.

After several pleadings had been filed in this action, plaintiff secured permission to file and filed an amended petition. This matter went to trial upon the issues presented by plaintiff's amended petition; defendant's answer, counter-claim, and set-off; and plaintiff's reply and answer to counter-claim.

Plaintiff's petition sets out four causes of action. In the first cause of action plaintiff alleges that between August 1942 and April 1945, he sold and delivered to defendant, at his request, goods, wares, and merchandise, and advanced cash in the amount of $31,912.77; that the defendant by payments and the return of goods was entitled to a credit of $28,773.35, leaving a balance of $3,139.42; that numerous statements had been rendered showing said balance due, plus interest in the amount of $198, making a total of $3,337.42; and that defendant retained the accounts, examined the items as shown by plaintiff's ledger, agreed that the amount

as shown by the ledger was correct, and promised to pay the same. Plaintiff further alleged that subsequent to the commencement of the action, defendant had returned material of the value of $1,784, leaving a balance due of $1,553.42. Plaintiff attached an itemized statement of the account showing dates, items, debits, and credits (excepting the last credit of $1,784).

The errors assigned here do not require that we set out in detail the remainder of the pleadings.

Plaintiff's second cause of action alleged an account stated in the sum of $1,408.92. Plaintiff's third cause of action alleged a balance due of $1,637.50 for merchandise sold and delivered after the account stated. Plaintiff's fourth cause of action was for goods of plaintiff in the amount of $93, converted to the use of the defendant and charged to defendant by plaintiff. Plaintiff prayed for judgment on his second, third, and fourth causes of action, or in the event it was found there was no account stated between the parties, that he have judgment on his first cause of action.

Defendant filed a motion to require plaintiff to elect upon which cause he expected to maintain his action, or to strike the second, third, and fourth causes of action. Thereafter the parties filed, and the court approved, a stipulation waiving trial by jury and agreeing to trial to the court. Two days later the motion to elect was submitted and overruled.

Defendant then filed his answer and counter-claim, denying generally, admitting the purchase of goods, wares, and merchandise, but denying that the total sales were correct, admitting payments made, and denying an account stated. Defendant challenged the correctness of the base price of many items and denied receiving articles covered by three separate invoices. He further denied the legality of the charge of $198 for interest, and alleged that plaintiff was indebted to him in the sum of $1,531.39. Defendant sought to recover this amount as a counter-claim, together with two

other counter-claims for labor and material furnished the plaintiff. For reply, plaintiff made admissions and denials not material to the decision of the errors assigned here.

The matter was tried. The trial court found in favor of the plaintiff and against the defendant on the plaintiff's first cause of action, and determined that there was due the plaintiff the sum of $1,553.42 (which included $198 for the interest item). The court further found, "* * * it is unnecessary to determine whether or not, at said time or at any other time, an account was stated between plaintiff and defendant and it is further unnecessary to make any finding on the second, third and fourth causes of action, * * *." The court found for defendant on his counter-claims in the sum of $126.65. Judgment was rendered for the plaintiff against the defendant in the sum of $1,426.77. Motion for a new trial was made and overruled.

Defendant appealing presents here the contentions that the court erred in finding that the evidence was sufficient to obtain a judgment on plaintiff's first cause of action; that the court erred in considering plaintiff's first cause of action as both an action on an open account and an account stated and rendering judgment "based upon both theories"; in refusing to make plaintiff elect upon which cause of action he intended to rely and in forcing defendant to trial on all causes of action; and in allowing the interest charge of $198.

The rule is: "In a law action findings of fact made by the court have the same force and effect as the verdict of a jury, and if there is competent evidence to support them, such findings will not be disturbed on appeal." Faught v. Dawson County Irrigation Co., 146 Neb. 274, 19 N. W. 2d 358.

There is competent and ample evidence to sustain the court's findings based upon an open account. It is not necessary to review it. The assignment is without merit unless there is merit to defendant's contention that

the first cause of action pleads and rests upon an account stated and not an open account. It is obvious that the trial court did not render a judgment based upon both theories.

We are of the opinion that plaintiff's first cause of action is upon an open account. Section 25-837, R. S. 1943, provides: "In an action, * * * founded upon an account, * * * it shall be sufficient for the party to give a copy of the account * * * with all credits * * * thereon, and to state that there is due to him on such account * * * from the adverse party, a specified sum, which he claims with interest." Clearly, plaintiff pleaded an open account under the provisions of this act, and just as clearly, the pleading is not an account stated. While plaintiff alleged that he had rendered various statements of the account to defendant, and that defendant had examined plaintiff's ledger, agreed that the amounts were correct, and promised to pay the same, yet it is evident that the cause rests upon the open account which was pleaded and not upon the agreement and the promise. The trial court obviously so construed the pleading. It was obviously the theory of the pleader. We have held: " 'The court will, when possible, sustain the theory intended by the pleader.' " Rhoads v. Columbia Fire Underwriters Agency, 128 Neb. 710, 260 N. W. 174. We see no merit in defendant's contention.

Defendant's next contention is that the trial court erred in refusing to make the plaintiff elect upon which cause of action he intended to rely and forcing defendant to trial on all causes of action. The rule is that no judgment shall be reversed or affected by reason of any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. § 25-853, R. S. 1943. We need not determine whether or not the action of the trial court was erroneous. It is not contended by defendant that any substantial right was affected, and it is not appar-

ent to us that the ruling had any such effect. There is no merit in the assignment.

This brings us to the assignment that the court erred in allowing an interest charge of $198. The charge was entered on the account on March 1, 1945, and was calculated on the basis of nine percent for one year on the amount that "had been due for a long time." Plaintiff testified that some days thereafter he told defendant of the charge, and that defendant agreed to pay it. Defendant denied the agreement. The court found that issue of fact in favor of plaintiff.

The original petition herein was filed on May 15, 1945. The rule is that in the absence of a contract upon the subject, unsettled accounts do not draw interest until six months after the date of the last item. Garneau v. Omaha Printing Co., 52 Neb. 383, 72 N. W. 360; § 45-104, R. S. 1943. The statutory rate of interest was six percent at the time; the contract rate was nine percent. § 45-102, R. S. 1943. It is evident that the interest charged cannot be sustained in the absence of a contract. Plaintiff argues that an agreement to forbear to sue is a sufficient consideration for a promise, and that such a consideration may be implied, actual forbearance being evidence of an agreement to forbear. We need not determine that contention. The charge was made before there was any promise to pay interest; there was no discussion of forbearance and no indication that there was a forbearance in fact as a result of the agreement. The promise is clearly one without consideration.

The trial court erred in including the amount of $198 in the judgment. Where the excessive amount in a judgment is subject to exact determination, a remittitur may be required as a condition of affirmance for the correct amount. Garneau v. Omaha Printing Co., *supra.*

The plaintiff is required to file with the clerk of this court, within 20 days from the filing of this opinion, a remittitur from the judgment of the sum of $198, as of

the date of the judgment. If not so done, the judgment rendered thereon will be reversed. In case the remittitur is so entered, the judgment will be affirmed as so reduced.

JUDGMENT ACCORDINGLY.