HERBERT KUNKEL, APPELLANT, v. CHARLES M. COHAGEN,
DOING BUSINESS UNDER THE TRADE NAME OF COHAGEN
TRANSFER AND STORAGE COMPANY, APPELLEE.

39 N. W. 2d 609

Filed November 18, 1949.   No. 32642.

S. S. Diedrichs, for appellant.

Crosby & Crosby, and Baskins & Baskins, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiff sought the recovery of damages
resulting from an accident to a combine while being
transported by defendant.  Issues were made and trial
had.  Plaintiff recovered judgment.  Plaintiff appeals for

reasons hereinafter stated. We affirm the judgment of the trial court.

Plaintiff purchased the combine in 1946, and at that time became its third owner. It had been extensively used prior to its purchase. Plaintiff used it for harvesting for hire the season of 1946 and the beginning of the 1947 season. He engaged the defendant to transport the machine from Kansas to Lincoln County for a charge of $60, which was paid. While being so transported on either July 30 or July 31, 1947, an accident occurred causing substantial damage to the combine. After the accident the machine was repaired and on August 17, plaintiff started with it to North Dakota where it was sold on August 20, 1947.

Plaintiff sued for damages, alleging that the fair market value of the combine prior to the accident was $5,000, and that as a result of the damages it was absolutely worthless, and sought a recovery of $5,000. Plaintiff further alleged that at the time of the accident he had a contract to cut wheat for a period of 26 days and that the net profits from the operation would have been $200 per day, and sued for loss of earnings in the sum of $5,200, or a total of $10,200. The defendant moved to strike the allegations of the petition with reference to loss of earnings on the ground that they did not plead any proper measure of damages. The trial court overruled the motion. So far as material here, the answer was a general denial.

The trial court instructed the jury that if it found for the plaintiff it should render judgment for the difference between the reasonable market value of the combine immediately before and immediately after the accident. The court told the jury it could consider among other things the time and expense it would reasonably take to repair the combine; that evidence had been introduced relative to the price per acre being paid for the harvest of grain by a combine at the time of such injury, and as to profits that reasonably could have been made by the

use of such combine for the harvest of grain; and that the jury could not compute the amount of the plaintiff's recovery from such profits, either partially or wholly, but it could take into consideration what profits the evidence showed could reasonably have been made from the use of such combine in making a determination of the reasonable market value of said combine, both before and after its injury.

The jury returned a verdict for $1,218, which included, under the court's instructions, interest at six percent for one year and four months.

Plaintiff's first contention here is that the trial court erred in refusing to allow the admission of evidence of anticipated profits.

Rules 8 a 2 (6) and (7) of this court require a statement of facts with appropriate reference to the record. Plaintiff makes a general assignment of error in refusing the admission of evidence without specific reference to the record. By way of argument plaintiff makes the same general charge referring by citation to only one specific refusal to admit evidence on an offer of proof. As to that the record shows that almost at the close of his case-in-chief plaintiff, as his own witness, offered to prove that at the time he engaged defendant to transport the combine he had contracted with one Thompson for cutting one-half of 500 acres of grain at a price of $8 per acre; that he was able to cut some 25 acres of grain per day; that his expenses would be about $10 a day; and that he was prevented from realizing profits in the amount of $1,900 to $2,000 on the contract by reason of the damage to the machine. The trial court denied the admission of the evidence offered. The record shows that prior thereto, over general objections and objections that it was not the proper measure of damages, plaintiff had testified to all the facts contained in the offer, excluding the computation of profits and that Thompson, over general objections as to competency, had testified in corroboration. The record further shows that the

offer was made because plaintiff seemed in doubt as to the prior admission of the evidence. Under these circumstances there was no prejudicial error in the trial court's ruling. The rule is: "Alleged error in the exclusion of offered testimony is of no avail if the same testimony, or testimony to the same effect, had been, or was afterwards, allowed to be given by the witness." Gugelman v. Kansas City Life Ins. Co., 137 Neb. 411, 289 N. W. 842.

The rule is: "An assignment of error directed to the rejection of offered testimony may be disregarded on appeal, if the places in the record where the offer of proof and the challenged ruling may be found are not pointed out in appellant's brief." Whitney v. Broeder, 94 Neb. 305, 143 N. W. 228. We are not required to search the record to find the other rejections of evidence about which plaintiff complains. Parenthetically it may be pointed out that the record shows that about the time the Thompson cutting was completed, plaintiff took his combine to North Dakota and sold it and was thereafter unable to profit from its use, and that other claimed profits were speculative, remote, and contingent.

Plaintiff's next contention is that the trial court erred in not submitting to the jury his right to recover for loss of profits separate and apart from his right to recover the difference in the value of the combine immediately before and after the injury.

Plaintiff relies upon the rule that a party may recover for gains prevented as well as for losses sustained when such damages not only are certain but are the natural and probable result of the wrong suffered. Wittenberg v. Mollyneaux, 60 Neb. 583, 83 N. W. 842.

We are not here concerned with the applicability of that rule but rather with the question as to whether or not plaintiff has produced evidence that entitles him to the benefit of that rule in any event.

We are dealing here with a situation where there was damage to and not the total destruction of a machine

used for commercial purposes. The reasonable value of the use of machinery for commercial purposes is the reasonable net rental value upon the market at the place in question of the machine involved or machinery of like capacity and performance, the lessee bearing all such expenses as he would have to bear in the operation of his own machine. Southern Ry. in Kentucky v. Kentucky Grocery Co., 166 Ky. 94, 178 S. W. 1162; A. Mortellaro & Co. v. Atlantic Coast Line R. R. Co., 91 Fla. 230, 107 So. 528; Conley v. Kansas City Rys. Co. (Mo. App.), 259 S. W. 153; Webb-North Motor Co. v. Ross (Tex. Civ. App.), 42 S. W. 2d 1086; Jellum v. Grays Harbor Fuel Co., 160 Wash. 585, 295 P. 939; The Conqueror, 166 U. S. 110, 17 S. Ct. 510, 41 L. Ed. 937; Hanson v. Hall, 202 Minn. 381, 279 N. W. 227. Such evidence more accurately and fairly shows the value of the use than would loss of profits during the period reasonably required to repair the damaged machine. Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 29 N. W. 2d 204.

Where the evidence shows that a similar machine could not be rented in the market, or that a rental value cannot be established, then the owner of the machine may rely on proof of loss of profits to establish the reasonable value of the loss of use. Hanson v. Hall, *supra;* The Conqueror, *supra;* Conley v. Kansas City Rys. Co., *supra;* Francischini v. McMullen, 6 N. J. Misc. 736, 142 A. 651; Trout Auto Livery Co. v. People's Gas L. & C. Co., 168 Ill. App. 56; Cincinnati Traction Co. v. Feldkamp, 19 Ohio App. 421; Sellari v. Palermo, 188 Misc. 1057, 70 N. Y. S. 2d 554; Jellum v. Grays Harbor Fuel Co., *supra;* Wilson & Co. v. Sims, 250 Ala. 414, 34 S. 2d 689.

Here there is a complete absence of any evidence as to whether or not combines could be rented, or their rental value, or any showing that plaintiff undertook to rent. It necessarily follows that plaintiff has not established the right of recovery which he seeks.

Finally plaintiff claims that the jury's verdict was

grossly inadequate and the result of a compromise. Plaintiff's evidence shows that he had bought the combine in a competitive sellers' market for $3,500 in 1946, and in addition paid a fee of $100 to a third party. One of plaintiff's expert witnesses fixed the reasonable market value of the combine just before the accident at $3,500 to $5,000. The extent of the damage to the combine is in serious dispute. Plaintiff testified that the machine was in perfect shape before the accident, although later he admitted that the engine was in need of immediate repair, which seems to have been made thereafter at a cost of $50 to $60. It is undisputed by his evidence that plaintiff spent not to exceed $98 in repairing parts damaged in the accident. This does not include the value of his own labor which is not shown. Although plaintiff testified that after the accident the combine was worth absolutely nothing but the value of the engine and the "junk price," yet, after having repaired it, plaintiff sold it for $2,500 in a competitive sellers' market. The purchaser testified that he was well satisfied with the performance of the combine during an extended period of use.

Although there was other evidence as to a greater value before and lesser value after the accident, the fact remains that the jury could have found from this evidence that the difference in the market value before and after the accident was $1,000. If the jury added to that figure, as the instruction permitted, the greatest amount testified to for repairs, the total would have been $1,098. Adding $30 for some undisclosed reason to that figure, a total of $1,128 is had. Computing interest as the court instructed brings the total to $1,218.24, or 24¢ more than the jury's verdict.

The rule is: "This court will not disturb the findings of a jury unless on an examination of the record it may be said that such findings are not supported by any evidence or are clearly wrong." Keyser v. Allen, 149 Neb. 449, 31 N. W. 2d 309.

Clearly the verdict of the jury is supported by the evidence and is not clearly wrong. Plaintiff cannot complain that the jury awarded greater damages than the evidence required. The verdict will not be disturbed.

The judgment of the trial court is affirmed.

AFFIRMED.