LINCOLN WELDING SUPPLY COMPANY, A CORPORATION, APPELLEE, V. WESTERN CONTRACTING CORPORATION, A CORPORATION, APPELLANT.

128 N. W. 2d 621

Filed May 22, 1964. No. 35624.

Wilson & Barlow and Kindig, Beebe, McCluhan & Rawlings, for appellant.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action at law in two causes of action by Lincoln Welding Supply Company, a corporation, plaintiff, appellee here, against Western Contracting Corporation, a corporation, defendant, appellant here, on the first cause, to recover the value of certain gas cylinders allegedly delivered to the defendant and never returned, and on the second, to recover demurrage charges on cylinders held by the defendant in excess of 30 days contrary to an agreement between the parties. A jury was waived and trial was had to the court, at the conclusion of which judgment was rendered in favor of plaintiff for $8,068.52. A conditional deduction of $1,200 was made from the adjudicated amount which will be referred to later herein.

A motion for new trial was made which was overruled. From the judgment and the order overruling the motion for new trial the defendant has appealed.

On the appeal the defendant asserts that the court erred in finding that the defendant was responsible for the alleged lost cylinders; that the court erred in finding that the plaintiff sustained its burden of proving the number of cylinders lost; that the court erred in allowing any recovery for demurrage; and that the court erred in allowing plaintiff to recover damages which were speculative and which exceeded the amount necessary to compensate plaintiff for its loss sustained. It asserted generally as error that the judgment was contrary to law and to the evidence.

This being an action at law and a jury having been waived, a controlling rule is that findings of fact by the court have the same force and effect as the verdict of a jury, and if they are supported by competent evi-

dence they will not be disturbed on appeal. Moore v. Schank, 148 Neb. 228, 27 N. W. 2d 165; Plummer v. Fie, 167 Neb. 367, 93 N. W. 2d 26.

The action here grows out of a contractual arrangement between the defendant and the plaintiff who was engaged in the business of selling gas and delivery thereof in cylinders. The cylinders were not for sale or sold but were to be returned to the plaintiff after the gas was used.

It is the contention of the plaintiff and the theory on which the action is predicated that if there was no return of the cylinders by the defendant the plaintiff was entitled to recover the value thereof. It is further contended that if cylinders were returned but not within 30 days, it was entitled to receive a demurrage fee or charge for the time after 30 days, and if they were never returned it was entitled to recover the value of those cylinders together with demurrage from the date it was entitled to charge demurrage to the time demand was made for payment for the cylinders which were not returned.

A large number of cylinders were delivered to the defendant which the plaintiff contends were not returned, and it also contends that a large amount of demurrage had accumulated, and for these two items the plaintiff seeks to recover in this action.

So that there may be no confusion it is pointed out here that actual ownership of cylinders in the plaintiff is of no significance in this case. Many were not owned by the plaintiff but they were furnished by the plaintiff and the parties have treated those that were proved to have been delivered and not returned as the property of the plaintiff.

The evidence on behalf of the plaintiff is sufficient to sustain the burden which devolved on the plaintiff that there was delivery of the cylinders to the defendant as claimed. The proof as to demurrage is likewise sufficient. The books and records of the plaintiff together

with the oral evidence cover the area of inquiry involved and they sufficiently show the amount due with reasonable certainty. See, Moore v. Schank, *supra;* Sorensen Constr. Co. v. Broyhill, 165 Neb. 397, 85 N. W. 2d 898; Roberts Constr. Co. v. State, 172 Neb. 819, 111 N. W. 2d 767. The same is true as to the matter of demurrage. There is nothing of substance in the evidence to the contrary of that of the plaintiff.

As to the measure of damages in a case of breach of contract to return specific property the general rule is that it is the market value of the property at the time of breach. Consumers Cooperative Assn. v. Sherman, 147 Neb. 901, 25 N. W. 2d 548; Mapledge Corp. v. Coker, 167 Neb. 420, 93 N. W. 2d 369.

A rule in arriving at what a party may include as damages for a loss sustained is the repayment of gains which have been prevented. Wittenberg v. Mollyneaux, 60 Neb. 583, 83 N. W. 842; Kunkel v. Cohagen, 151 Neb. 774, 39 N. W. 2d 609; International Milling Co. v. North Platte Flour Mills, 119 Neb. 325, 229 N. W. 22.

There is another rule which also has application in particular situations for the determination of the measure of damages in the case of possession of goods or property in the hands of another. It is that where a party has received into his possession the goods of another he may by contract fix the amount of his liability. International Milling Co. v. North Platte Flour Mills, *supra.*

The plaintiff's evidence as to measure of damages was in proof of both theories. In the first place the evidence was in proof of reasonable value of the cylinders under the circumstances. It is true that the plaintiff adduced evidence of the cost of cylinders which was below the estimated reasonable value, but the theory of plaintiff's proof was of reasonable value. This was accepted by the court. There was no evidence of probative value to the contrary.

Under the other theory the plaintiff adduced evidence

of its right to establish valuations and rates for lost or damaged cylinders. The valuations and rates established were followed by the court in its findings. The authority for this was contained in the separate invoices of cylinders delivered to the defendant. These same invoices also contained the rate of charge for demurrage for cylinders.

The court based its findings as to damages as related to the two causes of action and rendered its judgment as has been indicated, and on the record it may not well be said that there was error in any material respect.

The judgment of the district court as to the damages in the two causes of action should be, and it is, affirmed.

It does not appear that any action at the hands of this court with regard to the alternate direction with reference to $1,200 included in the judgment in favor of plaintiff should be taken, hence no disposition or attempted disposition of it will be made of that matter here.

AFFIRMED.